Case No. 23-55431

In the United States Court of Appeals
for the Ninth Circuit

———————————————————

B & L PRODUCTIONS, INC., et al.,
*Plaintiffs-Appellants*,

v.

GAVIN NEWSOM,
in his official capacity as Governor of the State of California and in his personal capacity, et al.,
*Defendants-Appellees*.

———————————————————

On Appeal from the United States District Court
for the Southern District of California
Case No. 3:21-cv-01718-AJB-DDL

———————————————————

**APPELLANTS' MOTION TO STAY APPEAL**

———————————————————

| | |
|---|---|
| C.D. Michel | Donald Kilmer |
| Anna M. Barvir | Law Offices of Donald Kilmer, APC |
| Tiffany D. Cheuvront | 14085 Silver Ridge Rd. |
| MICHEL & ASSOCIATES, P.C. | Caldwell, Idaho 83607 |
| 180 E. Ocean Blvd., Suite 200 | (408) 264-8489 |
| Long Beach, CA 90802 | don@dklawoffice.com |
| (562) 216-4444 | |
| cmichel@michellawyers.com | |

*Attorneys for Plaintiffs-Appellants*

June 26, 2023

## INTRODUCTION

Appellants B&L Productions, Inc., et al., bring this motion to stay this appeal pending the decision and appeal of a related case currently under submission in the Central District of California. Because this appeal shares nearly identical facts and issues—and even shares many of the same parties—it is in the best interest of the parties and the Court to stay this appeal so both cases can be heard together by the same panel. Doing so will preserve judicial and party resources and ensure uniformity of decisions.

As required by Circuit Rule 27-1(5), Appellants emailed counsel for all Appellees on June 23 and June 26, 2023, to provide notice of their intention to seek a stay of this appeal and obtain Appellees' position on that motion. Both the State and County Appellees have indicated their intention to oppose the motion.

## STATEMENT OF FACTS

This appeal involves a challenge to Assembly 893, a California law that prohibits the buying and selling of firearms, ammunition, and precursor parts on any property or in any building that makes up the Del Mar Fairgrounds. Complaint ¶ 5, *B&L Prods., Inc., v. Newsom*, No. 21-cv-1718 (S.D. Cal. Oct. 4, 2021) (ECF No. 1). Because the law effectively bans events known as "gun shows" at the Fairgrounds, Appellant B&L Productions, a gun show promoter, along with several individuals, organizations, and gun show vendors, sued in the Southern District of California. *Id.* ¶¶ 155-220. They challenged the law on First Amendment and Equal Protection grounds. Appellants later added a Second Amendment claim. First Amended Complaint ¶¶ 238-245, *B&L Prods.*, No. 21-cv-1718 (S.D. Cal. Aug. 31, 2022) (ECF No. 36). After losing a second motion to dismiss, Appellants appealed.[1]

---

[1] Having allowed Appellants to amend their First Amendment and Equal Protection claims after a first motion to dismiss was granted, the district court dismissed those claims without further leave to amend. Amended Order Granting Defendants' Moton to Dismiss Plaintiffs' First Amended Complaint 12, *B&L Prods.*,

1

While this case was being litigated in the district court, California adopted Senate Bill 264, a similar law that bars the buying and selling of firearms, ammunition, and precursor parts on any property or in any building that makes up the Orange County Fair & Events Center. Complaint ¶ 5, *B&L Prods., Inc., v. Newsom*, No. 22-cv-1518 (C.D. Cal. Aug. 12, 2022) (ECF No.1). And, shortly thereafter, the State adopted Senate Bill 915, a law that expands the ban to all state property. First Amended Complaint ¶ 5, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Nov. 14, 2022) (ECF No. 19). Appellant B&L Productions, along with several individuals, organizations, and gun show vendors, sued in the Central District of California, alleging that both SB 264 and SB 915 violate the First Amendment, Second Amendment, and Equal Protection Clause. *Id.* This second lawsuit has virtually identical facts to the appeal now before this Court, but unlike this appeal, it involves a challenge to the statewide ban.

Pending in the Central District matter is the plaintiffs' motion for a preliminary injunction. Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. No. 16, 2022) (ECF No. 21). That motion has taken a scenic route. After the motion was fully briefed, at the request of the state, the Honorable John W. Holcomb ordered the parties to submit supplemental briefing on the plaintiffs' Second Amendment claim. Order for Supplemental Briefing Re: Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 6, 2023) (ECF No. 25). Under the court's order, the parties filed simultaneous briefs on January 27, 2023. State Defendants' Supplemental Brief in Opposition to Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 27, 2023) (ECF No. 26);

---

No. 21-cv-1718 (S.D. Cal. Mar. 14, 2023) (ECF No. 51). Because the Second Amendment claim was not at issue in the first motion to dismiss, the court did give the Appellants the opportunity to amend that claim. *Id.* They opted not to amend, however, because there were no factual allegations that Appellants could raise that would address the concerns raised in the court's order of dismissal. Notice of Intent Not to File Second Amended Complaint, *B&L Prods.*, No. 21-cv-1718 (S.D. Cal. Mar. 24, 2023) (ECF No. 52).

Plaintiffs' Court-Ordered Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 27, 2023) (ECF No. 27).

Judge Holcomb issued a second order for additional supplemental briefing on the Second Amendment claim—this time requiring the state defendants to file an initial brief on or before February 24, 2023, then for the plaintiffs to file a response by March 10, 2023, and finally for the defendants to reply by March 24, 2023. Order for Additional Supplemental Briefing Re: Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, 22-cv-1518 (C.D. Cal. Feb. 1, 2023) (ECF No. 28). After this second round of supplemental briefing, a hearing on the motion was held, and the court took the matter under submission.

As of the date of this filing, no ruling on the plaintiffs' preliminary injunction motion has been issued.

## ARGUMENT

This Court should exercise its broad authority to manage the proceedings before it and stay this appeal pending a decision on (and likely appeal of) B&L Productions' motion for preliminary injunction in the Central District case. Any ruling on the motion for preliminary injunction pending in that case will address the same issues on appeal here. But because the Central District matter involves a challenge to the statewide law—and this appeal does not—the Central District ruling will impact properties throughout the state, not just a single fairground. In short, the Central District case has an important state-wide application that will impact the current appeal.

What's more, if the plaintiffs prevail on their preliminary injunction motion in the Central District, the parties will be in an untenable situation in which the state cannot enforce its gun show ban on any state property under SB 915 because doing so would violate the constitution. But it *could* enforce the ban at the state-owned Del Mar

3

Fairgrounds under AB 893—even though a court has found that enforcement of an identical law is unconstitutional. Proceeding with two appeals before two different panels could foreseeably result in opposite outcomes on identical issues and facts, cementing the situation described above.

It would thus be wise to grant Appellants' motion to stay, allowing the two cases to follow the same track and proceed together at once so that the issues may be addressed by the Court simultaneously. Doing so preserves the resources of both this Court and the parties. At the same time, the parties will not be unduly prejudiced if the Court grants the relief Appellants seek. The State remains free to enforce AB 893 during this appeal (and any stay). And while Appellants continue to face the harms that brought them into court in the first place, they still bring this motion because it is sensible to litigate both cases together on appeal to ensure uniformity of rulings—especially because the Central District case has a broader (statewide) impact and potentially conflicting rulings will be impossible to square.

## CONCLUSION

For these reasons, Appellants request that this Court stay this appeal until the Central District of California rules on the Motion for Preliminary Injunction in the related case, *B&L Productions v. Newsom*, No. 22-cv-1518, and the losing party appeals that ruling to this Court or the time to appeal that ruling expires.

Dated: June 26, 2023                    Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants B & L Productions, Inc., dba Crossroads of The West; Barry Bardack; Ronald J. Diaz, Sr.; John Dupree; Christopher Irick; Robert Solis; Lawrence Michael Walsh; Captain Jon's Lockers, LLC; L.A.X. Firing Range, Inc., dba LAX Ammo; California*

4

*Rifle & Pistol Association, Inc.; South Bay Rod and Gun Club, Inc.*

Date: June 26, 2023                  **LAW OFFICES OF DONALD KILMER, APC.**

s/ Donald Kilmer
Donald Kilmer
*Attorney for Plaintiff-Appellant Second Amendment Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, an electronic PDF of APPELLANTS' MOTION TO STAY APPEAL was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: June 26, 2023   Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants*