No. 23-55431

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

B&L PRODUCTIONS, INC., D/B/A CROSSROADS OF THE WEST, ET AL.,
*Plaintiffs-Appellants*,

v.

GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA AND IN HIS PERSONAL CAPACITY, ET AL.,
*Defendants-Appellees*.

**On Appeal from the United States District Court for the Southern District of California**
No. 3:21-cv-01718-AJB-DDL
The Honorable Anthony J. Battaglia, Judge

**STATE DEFENDANTS' RESPONSE TO MOTION TO STAY APPEAL**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General

CHARLES J. SAROSY
Deputy Attorney General
State Bar No. 302439
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6356
  Fax:  (916) 731-2119
  Email:  Charles.Sarosy@doj.ca.gov
*Attorneys for Defendants-Appellees*

July 5, 2023

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................ 1
PROCEDURAL BACKGROUND...................................................................... 3
    I.    Appeal of the Order Granting Defendants' Motion to Dismiss in this Case ................................................................................................. 3
    II.   The Pending Preliminary Injunction Motion in the Central District of California in a Separate Case ................................... 4
ARGUMENT ....................................................................................................... 5
CONCLUSION .................................................................................................... 8
CERTIFICATE OF COMPLIANCE ................................................................... 9

# TABLE OF AUTHORITIES

  **Page(s)**

**Cases**

*B&L Productions, Inc., et al. v. Gavin Newsom, et al.*,
   C.D. Cal., No. 8:22-cv-01518-JWH-JDE ...................................................... 1, 4, 5

**Statutes**

California Food and Agricultural Code § 4158 ....................................................... 3

California Penal Code
   § 27573 ............................................................................................................. 4, 5
   § 27575 ............................................................................................................. 4, 5

**Other Authorities**

First Amendment ................................................................................................. 3, 4

Second Amendment ............................................................................................. 3, 4

Assembly Bill 893 (Stats. 2019, ch. 731) ................................................................ 3

Cir. General Order 4.1(a) ........................................................................................ 6

Ninth Circuit
   Rule 3-3(b) ........................................................................................................... 6
   Rule 31-2.2(a)(3) .................................................................................................. 6
   Rule 31-2.2(a), (b) ............................................................................................ 6, 7
   Rule 31-2.2(b) ...................................................................................................... 7

# INTRODUCTION

Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary of the California Department of Food & Agriculture Karen Ross, and the 22nd District Agricultural Association (collectively, "State Defendants") oppose Plaintiffs' motion to stay this appeal indefinitely, pending the decision of a district court in another case. C.A. Dkt. 4. This appeal concerns the final judgment of the District Court for the Southern District of California, dated April 11, 2023, granting State Defendants' motion to dismiss Plaintiffs' challenge to a California law originally enacted in 2019 that regulates the sale of firearms and ammunitions at the Del Mar Fairgrounds. Plaintiffs seek to hold this appeal in abeyance pending resolution of a preliminary injunction motion in a different case in the Central District of California, *B&L Productions, Inc., et al. v. Gavin Newsom, et al.*, C.D. Cal., No. 8:22-cv-01518-JWH-JDE, concerning challenges to two different California laws governing firearms and ammunition sales at a different fairgrounds, in Orange County, and on other state property. The district court in that case has not yet issued a decision on the motion for a preliminary injunction and no appeal in that case has yet been docketed.

Plaintiffs' request gets the hierarchy of the federal courts exactly backwards. It is possible that a precedential decision of *this* Court in *this* case could bear on the Central District of California case, or on an eventual appeal in that matter if one

ever arises from a preliminary injunction order or a final judgment. But the district court's opinion in *that* case, whenever it issues, could not possibly control this Court's decision here. It makes no sense to indefinitely hold in abeyance an appeal that is otherwise ripe for review simply because another district court may (or may not) pass upon a similar issue in the future—a common scenario that would regularly slow down appeals if Plaintiffs' approach were the norm.

Moreover, the posture of the cases makes plaintiffs' request particularly premature and inappropriate. Plaintiffs assert in their stay motion that they seek to hold this appeal in abeyance "so both [of these] cases can be heard together by the same panel," C.A. Dkt. 4 at 1. But the district court in the Central District of California has not yet disposed of the preliminary injunction motion; there has been no appeal docketed in that case; and plaintiffs' motion also suggests that if there were an appeal of the Central District of California court's eventual decision on the preliminary injunction motion, then the expedited briefing schedule for that preliminary injunction appeal would govern the briefing schedule for this appeal. If and when a decision is issued by the Central District, and if and when any decision is actually appealed, State Defendants would have no objection to application of this Court's rules governing priority of appeals raising a common legal question, if appropriate in light of how far this appeal has progressed by that time. *See, e.g.,* 9th Cir. General Orders, 4.1(a). At this juncture, judicial and party

resources are most effectively preserved by allowing this appeal to proceed, ensuring appellate guidance on these important legal issues in due course.

## PROCEDURAL BACKGROUND

I. **APPEAL OF THE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN THIS CASE**

In October 2021, Plaintiffs filed a complaint in the Southern District of California against the State Defendants, and two San Diego County defendants ("San Diego Defendants"), that raised First Amendment and equal protection claims, as well as state-law tort claims, challenging AB 893.[1] D. Ct. Dkt. 1. AB 893 generally provides that the 22nd District Agricultural Association shall not allow the sale of any firearms and ammunition at the Del Mar Fairgrounds in the County of San Diego. Cal. Food & Agric. Code, § 4158. AB 311(Stats. 2022, ch. 139) later added a prohibition on the sale of firearms precursor parts. *Id.* On August 18, 2022, the district court granted State Defendants' and San Diego Defendants' motions to dismiss, but gave Plaintiffs leave to amend their complaint. D. Ct. Dkt. 35. Plaintiffs subsequently filed an amended complaint that raised the same claims, and added a Second Amendment claim. D. Ct. Dkt. 36. On March 10, 2023, the court again granted State Defendants' and San Diego Defendants' motions to dismiss, but gave Plaintiffs leave to amend their Second Amendment

---

[1] Assembly Bill 893 (Stats. 2019, ch. 731) ("AB 893") is codified at California Food and Agricultural Code section 4158.

3

claim. D. Ct. Dkts. 50, 51. On March 24, 2023, Plaintiffs notified the district court that they did not intend to file another amended complaint. D. Ct. Dkt. 52. The court entered final judgment in favor of State Defendants and San Diego Defendants on April 11, 2023. D. Ct. Dkt. 53. Plaintiffs timely filed their notice of appeal 28 days later, on May 9, 2023. D. Ct. Dkt. 54.

## II. THE PENDING PRELIMINARY INJUNCTION MOTION IN THE CENTRAL DISTRICT OF CALIFORNIA IN A SEPARATE CASE

On August 12, 2022, Plaintiff B&L Productions, Inc. and others filed a complaint in the Central District of California against Governor Gavin Newsom, Attorney General Rob Bonta, Secretary of the California Department of Food & Agriculture Karen Ross, the 32nd District Agricultural Association, and the Orange County District Attorney. *B&L Productions, Inc., et al. v. Gavin Newsom, et al.*, C.D. Cal., No. 8:22-cv-01518-JWH-JDE ("C.D. Cal. *B&L*"), Dkt. 1. The complaint challenged the constitutionality of SB 264[2] on First Amendment and equal protection grounds. C.D. Cal. *B&L* Dkt. 1. An amended complaint added a challenge to SB 915,[3] and a Second Amendment claim as to both SB 264 and SB 915. C.D. Cal. *B&L* Dkt. 17. SB 264 generally provides that an employee of the 32nd District Agricultural Association shall not allow the sale of firearms,

---

[2] SB 264 (Stats. 2021, ch. 684) is codified at California Penal Code section 27575.
[3] SB 915 (Stats. 2022, ch. 145)[3] is codified at California Penal Code section 27573.

precursor parts, or ammunition at the OC Fair and Event Center in the County of Orange. Cal. Pen. Code, § 27575. SB 915 similarly prohibits the same transactions on all state property. Cal. Pen. Code, § 27573.

The Plaintiffs moved for a preliminary injunction to halt enforcement of SB 264 and SB 915 in November 2022. Briefing on the motion—including supplemental briefing ordered by the district court—was completed on April 4, 2023. C.D. Cal. *B&L* Dkts. 21–23, 25–28, 30–36.

The district court held a hearing on April 6, 2023, and took the preliminary injunction motion under submission. C.D. Cal. *B&L* Dkt. 38. As of the filing date of this brief, that district court has not ruled on the motion for preliminary injunction. As a result, there is no appeal docketed in that case; who the appellant would be, and whether that party would file a preliminary injunction appeal or instead let the case proceed to final judgment, cannot yet be known.

## ARGUMENT

Plaintiffs ask this Court to hold this appeal in abeyance pending disposition of a motion for preliminary injunction in another district court matter.[4] Plaintiffs

---

[4] The preliminary injunction hearing in the Central District action occurred five days before the district court entered judgment in this case. *Compare* C.D. Cal. *B&L* Dkt. 38, *with* D. Ct. Dkt. 53. Plaintiffs did not ask the court below to stay the entry of the judgment until the preliminary injunction motion was ruled on in the Central District action, even though the motion was under submission at that time.

5

claim this will "preserve judicial and party resources." C.A. Dkt. 4 at 1. But their request is premature and inappropriate. If a preliminary injunction appeal materializes from the Central District case, the appeals would raise a "common legal question" so that they could be heard by the same panel on a common date, if appropriate given how far this appeal has progressed by that time. *See* 9th Cir. General Order 4.1(a). But it is premature at this point to assume that would be the case, because it is not yet clear if and when an appeal from an order on the preliminary injunction motion or from an eventual final judgment would be filed in the Central District case. And Plaintiffs have the opportunity to seek extensions for their briefs in this appeal, either unilaterally or by motion, which would delay briefing. 9th Cir. R. 31-2.2(a), (b). Thus, there is no need to stay this case indefinitely in order to ensure that the appeals can be heard by the same panel.

Under Ninth Circuit Rule 3-3(b), the default briefing schedule for a preliminary injunction appeal is expedited: the opening brief and excerpts of record must be filed "[w]ithin 28 days of the docketing in the district court of a notice of appeal"; the opposition brief and supplemental excerpts of record "shall be filed within 28 days of service of appellant's opening brief"; and a reply must be filed "within 21 days of service" of the opposition brief. Streamlined extensions of time are not available. Ninth Circuit Rule 31-2.2(a)(3). So a party seeking an extension

6

of time must file a motion to do so, "supported by a showing of diligence and substantial need." 9th Cir. R. 31-2.2(b).

This expedited briefing schedule does not apply in this appeal. *See* C.A. Dkt. 1. The current briefing schedule provides: 62 days from the docketing of the notice of appeal for Plaintiffs to file their opening brief; 40 days for Defendants to file their opposition briefs; and 21 days for Plaintiffs to file their reply brief. C.A. Dkt. 1. The parties can, for each brief, obtain streamlined extensions of up to 30 days, and/or file a motion for an extension of time as previously described. 9th Cir. R. 31-2.2(a), (b). This current briefing schedule would presumably be accelerated if the instant appeal were stayed and then placed on the "same track," C.A. Dkt. 4 at 4, as any preliminary injunction appeal that may arise from the Central District case. But there is no reason to subject the instant appeal to the expedited briefing schedule for a preliminary injunction appeal that has yet to be filed.

Finally, Plaintiffs' request to delay appellate proceedings that will provide precedential guidance to lower courts – in order to allow a lower court to rule on the same issue – turns the normal arguments concerning preservation of resources on their head. Delaying appellate guidance on this legal issue benefits no one. Resources are most effectively preserved by allowing this appeal to continue and

7

ensuring that the parties, lower courts, and subsequent panels of this Court have appellate guidance on these issues in the normal course.

State Defendants thus oppose Plaintiffs' motion to stay this appeal pending the district court's decision on the preliminary injunction motion under submission in the Central District of California.

## CONCLUSION

This Court should deny Plaintiffs' motion to hold this appeal in abeyance pending the disposition and appeal of a preliminary injunction motion in another case.

Dated:  July 5, 2023          Respectfully submitted,

 

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General

s/ *Charles J. Sarosy*

CHARLES J. SAROSY
Deputy Attorney General
*Attorneys for Defendants-Appellees*

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing emergency motion complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3(2) because it consists of 1,816 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This emergency motion complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated:  July 5, 2023               s/ *Charles J. Sarosy*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **B&L Productions, et al. v. Gavin Newsom, et al. [Appeal]** | No. | **23-55431** |

I hereby certify that on <u>July 5, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' RESPONSE TO MOTION TO STAY APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 5, 2023</u>, at Los Angeles, California.

| Carol Chow | /s/ *Carol Chow* |
|---|---|
| Declarant | Signature |

SA2023302632
66064238.docx