Case No. 23-55431

In the United States Court of Appeals
for the Ninth Circuit

—————————————————

B & L Productions, Inc., et al.,
*Plaintiffs-Appellants,*

v.

Gavin Newsom,
in his official capacity as Governor of the State of California and in his personal
capacity, et al.,
*Defendants-Appellees.*

—————————————————

On Appeal from the United States District Court
for the Southern District of California
Case No. 3:21-cv-01718-AJB-DDL

—————————————————

**APPELLANTS' MOTION TO TAKE JUDICIAL NOTICE;
DECLARATION OF ANNA M. BARVIR IN SUPPORT**

—————————————————

C.D. Michel
Anna M. Barvir
Tiffany D. Cheuvront
Michel & Associates, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com

Donald Kilmer
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Rd.
Caldwell, Idaho 83607
(408) 264-8489
don@dklawoffice.com

*Attorneys for Plaintiffs-Appellants*

December 1, 2023

## MOTION TO TAKE JUDICIAL NOTICE

Under Federal Rule of Appellate Procedure 27, Federal Rule of Evidence 201, and Ninth Circuit Rule 27-1, Appellants B&L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Robert Solis, Lawrence Michael Walsh, Captain Jon's Lockers, LLC, L.A.X. Firing Range, Inc., California Rifle & Pistol Association, Inc., South Bay Rod and Gun Club, Inc., and Second Amendment Foundation request that this Court take judicial notice of the documents identified below and identified in the attached Declaration of Anna M. Barvir:

1. **Exhibit A**: Docket of case, *B&L Prods. v. Newsom (Orange Co.),* 2023 U.S. Dist. LEXIS 194117 (Case No.: 8:22-cv-01518-JWH-JDE); and

2. **Exhibit B**: Order Granting Plaintiffs' Motion for Preliminary Injunction issued on October 30, 2023, in *B&L Prods. v. Newsom (Orange Co.),* 2023 U.S. Dist. LEXIS 194117 (Case No.: 8:22-cv-01518-JWH-JDE).

Under the Federal Rules of Evidence, at any stage of the proceedings, a court may take judicial notice of any fact "that is not subject to reasonable dispute because it ... is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. Rules Evid. 201(b). A court shall take judicial notice of such a fact if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d). Such a fact may be judicially noticed by an appellate court, even if notice was not taken by the trial court, because judicial notice may be taken at "any stage of proceeding." *Gov't of Canal Zone v. Burjan,* 596 F.2d 690, 694 (5th Cir. 1979).

It is well-established that "a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001). This includes "its own records in other cases, as well as the records of an inferior court in other cases."

*United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The record of a court's docket is "a source whose accuracy cannot reasonably be questioned". *Est. of Levingston v. Cnty. of Kern,* 320 F.R.D. 520, 528 (E.D. Cal. 2017). Similarly, recent rulings on similar matters are also subject to judicial notice. *Protege Rest. Partners LLC v. Sentinel Ins. Co., Ltd.*, 517 F. Supp. 3d 981, 986 (N.D. Cal. 2021) ("recent district court rulings addressing similar insurance claims and policies… are matters of public record, which are on file in the state and federal courts… And their factual contents are not disputed."). The materials presented for judicial notice here are highly relevant to this appeal. They concern the records of another district court in California which reached very different conclusions on the constitutionality of banning gun shows than the district court below.

For all of the reasons above, this Court should take judicial notice of Exhibits A and B.

Date: December 1, 2023

MICHEL & ASSOCIATES, P.C.

s/ Anna M. Barvir
Anna M. Barvir
*Attorneys for Plaintiffs-Appellants B&L Productions, Inc., dba Crossroads of the West; Barry Bardack; Ronald J. Diaz, Sr.; John Dupree; Christopher Irick; Robert Solis; Lawrence Michael Walsh; Captain Jon's Lockers, LLC; L.A.X. Firing Range, Inc., dba LAX Ammo; California Rifle & Pistol Association, Inc.; South Bay Rod and Gun Club, Inc.*

Date: December 1, 2023

LAW OFFICES OF DONALD KILMER, APC.

s/ Donald Kilmer
Donald Kilmer
*Attorney for Plaintiff-Appellant Second Amendment Foundation*

## DECLARATION OF ANNA M. BARVIR

1.      I, Anna M. Barvir, am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Appellants B&L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Robert Solis, Lawrence Michael Walsh, Captain Jon's Lockers, LLC, L.A.X. Firing Range, Inc., California Rifle & Pistol Association, Inc., and South Bay Rod and Gun Club, Inc. in this action. I am licensed to practice law before the United States Court of Appeals for the Ninth Circuit. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2.      On October 30, 2023, the California Central District Court issued an Order Granting Plaintiffs' Motion for Preliminary Injunction in *B&L Productions, Inc., et al., v. Newsom, et al.*, C.D. Cal. Case No. 22-cv-01518. Attached as **Exhibit A** is a true and correct copy of the case docket in that matter, and attached as **Exhibit B** is a true and correct copy of the preliminary injunction order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of December 2023 at Corona, California.

s/ Anna M. Barvir
Declarant

# EXHIBIT A

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 12/01/2023**

Today's Date: 12/1/2023
Source: U.S. District Court, Central District of California (Santa Ana)

| | |
|---|---|
| **Court:** | U.S. District Court, Central District of California (Santa Ana) |
| **Case Title:** | B & L Productions, Inc. et al v. Gavin Newsom et al |
| **Case:** | 8:22-CV-01518 |
| **Judge:** | Judge John W. Holcomb |
| **Date Filed:** | 08/12/2022 |
| **Other Dockets:** | Case in other court: 9th CCA, 23-03793 |
| **Case Status:** | ACCO, (JDEx), APPEAL, DISCOVERY, MANADR |

**SYNOPSIS INFORMATION**

| | |
|---|---|
| **Allegations:** | Right to Protest. Plaintiff seeks a declaration that SB 264, codified in the California Penal Code section 27575, violates the commercial speech rights of Plaintiffs CRPA under the First Amendment to the United States Constitution, on its face and as applied. |
| **Damages:** | Damages, declaratory judgment, fees and costs. |
| **COMPLAINT (MANUALLY RETRIEVED)** | [PDF] Original Image of this Document (PDF) |

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 8:22CV01518 |
| **Referred To:** | Magistrate Judge John D. Early |
| **Jury Demand:** | Plaintiff |
| **Nature of Suit:** | Civil Rights: Other Civil Rights (440) |
| **Key Nature of Suit:** | Civil Rights; Other Federal Civil Rights (110.45) |
| **Jurisdiction:** | Federal Question |
| **Cause:** | 42 USC 1983 Civil Rights Act |

**PARTICIPANT INFORMATION**

### B & L Productions, Inc.

| | |
|---|---|
| **Party Description:** | Doing Business As Crossroads of the West |
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | |
|---|---|
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## California Rifle & Pistol Association, Incorporated

| | |
|---|---|
| **Type:** | Plaintiff |
| **Party Terminated:** | TERMINATED: 11/14/2022 |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

## Gerald Clark

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## Eric Johnson

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | |
|---|---|
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## Chad Littrell

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

## Jan Steven Merson

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## Asian Pacific American Gun Owner Association

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | |
|---|---|
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## Second Amendment Law Center, Inc.

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

## Second Amendment Foundation

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## California Rifle & Pistoal Association, Incorporated

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Anna M Barvir |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | abarvir@michellawyers.com |
| **Attorney:** | Carl Dawson Michel |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |

| | |
|---|---|
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | cmichel@michellawyers.com |
| **Attorney:** | Donald E J Kilmer, Jr |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Law Offices of Donald Kilmer |
| **Attorney Address:** | 14085 Silver Ridge Road |
| | Caldwell, ID 83607 |
| **Attorney Phone:** | 408-264-8489 |
| **Email Address:** | don@dklawoffice.com |
| **Attorney:** | Tiffany Dawn Cheuvront |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Michel and Associates PC |
| **Attorney Address:** | 180 East Ocean Boulevard Suite 200 |
| | Long Beach, CA 90802 |
| **Attorney Phone:** | 562-216-4444 |
| **Attorney Fax:** | 562-216-4445 |
| **Email Address:** | tcheuvront@michellawyers.com |

## Gavin Newsom

| | |
|---|---|
| **Party Description:** | in his official capacity as Governor of the State of California |
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

## Attorney General Rob Bonta

| | |
|---|---|
| **Party Description:** | in his official capacity as Attorney General of the State of California |
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

## Karen Ross

| | |
|---|---|
| **Party Description:** | in her official capacity as Secretary of California Department of Food & Agriculture and in his personal capacity |
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | |
|---|---|
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

## Todd Spitzer

| | |
|---|---|
| **Party Description:** | in his official capacity as District Attorney of Orange County |
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

## 32nd District Agricultural Association

| | |
|---|---|
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

## Does

| | |
|---|---|
| **Party Description:** | 1-10 |
| **Type:** | Defendant |
| **Attorney:** | Nicole Juliet Kau |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | CAAG - Office of the Attorney General California Department of Justice |
| **Attorney Address:** | 300 South Spring Street |
| | Los Angeles, CA 90013 |
| **Attorney Phone:** | 213-897-2442 |
| **Email Address:** | nicole.kau@doj.ca.gov |

### DOCKET PROCEEDINGS (52)

| Entry #: | Date: | Description: | | |
|---|---|---|---|---|
| 52 | 11/28/2023 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 23-3793 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 51 as to Defendants 32nd District Agricultural Association, Rob Bonta, Gavin | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | | | | |
|---|---|---|---|---|
| | | Newsom, Karen Ross. (car) (Entered: 11/30/2023) | | |
| 51 | 11/27/2023 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Defendants 32nd District Agricultural Association, Rob Bonta, Gavin Newsom, Karen Ross. Appeal of Order on Motion for Preliminary Injunction,,, 43 . (Appeal Fee - $505 Fee Paid, Receipt No. ACACDC-36466383.) (Kau, Nicole) (Entered: 11/27/2023) | View | Add to request |
| 50 | 11/22/2023 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Preliminary Injunction,,, 43 45 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistoal Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Foundation, Second Amendment Law Center, Inc.. (Attachments: # 1 Objection to Defendants Request for Judicial Notice, # 2 Proposed Order)(Barvir, Anna) (Entered: 11/22/2023) | View | Add to request |
| 49 | 11/20/2023 | ANSWER to Amended Complaint/Petition,, 19 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Gavin Newsom, Karen Ross.(Kau, Nicole) (Entered: 11/20/2023) | View | Add to request |
| 48 | 11/15/2023 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Preliminary Injunction,,, 43 45 (Attachments: # 1 Proposed Order)(Kau, Nicole) (Entered: 11/15/2023) | View | Add to request |
| 47 | 11/14/2023 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Preliminary Injunction 45 by Judge John W. Holcomb. Plaintiff shall consult the Notice of Deficiency and lodge a proposed order. (yl) (Entered: 11/15/2023) | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| 46 | 11/14/2023 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Preliminary Injunction 43 45 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (yl) Modified on 11/15/2023 (yl). (Entered: 11/14/2023) | View · Add to request |
| 45 | 11/13/2023 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Preliminary Injunction,,, 43 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Gavin Newsom, Karen Ross. Motion set for hearing on 12/15/2023 at 09:00 AM before Judge John W. Holcomb. (Attachments: # 1 State Defendants' Request for Judicial Notice in Support of Motion for Reconsideration of Stay of Injunction Pending Appeal, # 2 Declaration of Michele Richards in Support of State Defendants' Motion for Reconsideration of Stay of Injunction Pending Appeal) (Kau, Nicole) (Entered: 11/13/2023) | View · Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | | | | |
|---|---|---|---|---|
| 44 | 11/01/2023 | ORDER SETTING SCHEDULING CONFERENCE by Judge John W. Holcomb. Scheduling Conference set for 1/12/2024 at 11:00 AM before Judge John W. Holcomb. (cla) (Entered: 11/01/2023) | View | Add to request |
| 43 | 10/30/2023 | ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF No. 21] by Judge John W. Holcomb. For the foregoing reasons, the Court hereby ORDERS as follows: Defendants, their employees, agents, successors in office, and all District Attorney, County Counsel, and City Attorneys holding office in the State of California, as well as their successors in office, are preliminary ENJOINED and RESTRAINED from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of California Penal Code sections 27573 or 27575. Upon request by Plaintiffs, Defendant 32nd DAA must make available the next available date for a gun show and must allow Plaintiff Crossroads to reserve dates for gun show events at the Orange County Fairgrounds. Defendant's request to stay this Order pending appeal is DENIED. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 10/30/2023) | View | Add to request |
| 42 | 09/20/2023 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Preliminary Injunction re enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistoal Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Foundation, Second Amendment Law Center, Inc.. (Attorney Anna M Barvir added to party Second Amendment Foundation(pty:pla))(Barvir, Anna) (Entered: 09/20/2023) | Docket Status<br><br>View | Add to request |
| 41 | 05/14/2023 | NOTICE OF FILING TRANSCRIPT filed for proceedings 4/6/2023 at 10:05 a.m. re Transcript 40 | Send Runner to Court | |

| | | | | |
|---|---|---|---|---|
| | | THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dhs) TEXT ONLY ENTRY (Entered: 05/14/2023) | | |
| 40 | 05/14/2023 | TRANSCRIPT for proceedings held on 4/6/2023 at 10:05 a.m. ****Transcript may be viewed at the court public terminal or purchased through Court Reporter DEBBIE HINO-SPAAN at: WEBSITE www.debbiehinospaan.com; E-mail, dhinospaan@yahoo.com before the deadline for Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER. Additional formats of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available to be purchased at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.** Redaction Request due 6/5/2023. Redacted Transcript Deadline set for 6/14/2023. Release of Transcript Restriction set for 8/14/2023. (dhs) (Entered: 05/14/2023) | View | Add to request |
| 39 | 04/11/2023 | TRANSCRIPT ORDER as to Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc. for Court Reporter. (Barvir, Anna) (Entered: 04/11/2023) | View | Add to request |
| 37 | 04/07/2023 | TRANSCRIPT ORDER as to Defendant 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross for Court Reporter. (Kau, Nicole) (Entered: 04/07/2023) | View | Add to request |
| 38 | 04/06/2023 | HEARING RE: PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 21] hearing held before Judge John W. Holcomb. Counsel state their appearances. The Court confers with counsel and hears oral argument. The Court takes the motion [ECF No. 21] under submission. IT IS SO ORDERED. Court Reporter: Debbie Hino-Span. (yl) (Entered: 04/07/2023) | View | Add to request |
| 36 | 04/04/2023 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | | |
|---|---|---|
| | | Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 04/04/2023) |
| 35 | 03/24/2023 | RESPONSE filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Rossto Objection, 33 TO PLAINTIFFS OBJECTIONS AND MOTION TO STRIKE EXPERT DECLARATIONS (Kau, Nicole) (Entered: 03/24/2023) |
| 34 | 03/24/2023 | REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross. (Kau, Nicole) (Entered: 03/24/2023) |
| 33 | 03/10/2023 | OBJECTIONS to the State Defendants' Expert Declarations; Motion to Strike or Exclude the State Defendants' Expert Declarations filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson. (Barvir, Anna) (Entered: 03/10/2023) |
| 32 | 03/10/2023 | PLAINTIFFS RESPONSE TO STATE DEFENDANTS SECOND SUPPLEMENTAL BRIEF re NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistoal Association, Incorporated, California Rifle & Pistol Association, Incorporated, Gerald Clark. (Barvir, Anna) (Entered: 03/10/2023) |
| 31 | 02/24/2023 | OPPOSITION to NOTICE OF MOTION AND MOTION for |

View buttons and Add to request buttons appear for entries 35, 34, 33, 32, and 31. "Docket Status" appears next to entry 33.

|    |            | Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross. (Attachments: # 1 Declaration, # 2 Declaration)(Kau, Nicole) (Entered: 02/24/2023) | |
|----|------------|---|---|
| 30 | 02/02/2023 | ORDER 29 by Judge John W. Holcomb. Before the Court is the Stipulation and Joint Motion to Extend Time to Respond to the First Amended Complaint by More Than 30 Days. Having reviewed the motion, and good cause appearing, the Court hereby ORDERS as follows: The motion is GRANTED. The Stipulating Defendants are DIRECTED to file their response to the First Amended Complaint 21 days after the Court issues its ruling on Plaintiffs' motion for preliminary injunction. IT IS SO ORDERED. (yl) (Entered: 02/03/2023) | View — Add to request |
| 29 | 02/01/2023 | First STIPULATION for Extension of Time to File Answer re Amended Complaint/Petition,, 19 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross. (Attachments: # 1 Proposed Order) (Kau, Nicole) (Entered: 02/01/2023) | View — Add to request |
| 28 | 02/01/2023 | ORDER FOR ADDITIONAL SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 21 ] (IN CHAMBERS) by Judge John W. Holcomb. For the foregoing reasons, the Court hereby ORDERS as follows: Defendants are DIRECTED to file a supplemental brief, not to exceed 25 pages, no later than February 24, 2023, providing an analysis of the issues discussed above. Plaintiffs are DIRECTED to file a supplemental brief, not to exceed 25 pages, no later than March 10, 2023, responding to Defendants' supplemental brief regarding the issues discussed above. Defendants are DIRECTED to file a reply brief, not to exceed 10 pages, no later than March 24, 2023, replying to Plaintiffs' supplemental | View — Add to request |

| | | brief regarding the issues discussed above. The hearing on the Motion is CONTINUED to Thursday, April 6, 2023, at 10:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. IT IS SO ORDERED. (yl) (Entered: 02/01/2023) | | |
|---|---|---|---|---|
| 27 | 01/27/2023 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistoal Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 01/27/2023) | View | Add to request |
| 26 | 01/27/2023 | OPPOSITION re: NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross. (Attachments: # 1 Declaration)(Kau, Nicole) (Entered: 01/27/2023) | View | Add to request |
| 25 | 01/06/2023 | ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (IN CHAMBERS) by Judge John W. Holcomb. For the foregoing reasons, the Court hereby ORDERS as follows: The parties are DIRECTED to file simultaneous supplemental briefs, not to exceed 25 pages, no later than January 27, 2023, providing an analysis of the issues discussed above. The hearing on the Motion is CONTINUED to February 10, 2023, at 9:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 01/06/2023) | View | Add to request |

| 24 | 12/28/2022 | SCHEDULING NOTICE AND ORDER by Judge John W. Holcomb: On its own motion, the Court CONTINUES Plaintiff's Motion for Preliminary Injunction [ECF No. 21] from January 6, 2023 at 9:00 a.m. to January 13, 2023 at 9:00 a.m. The parties are DIRECTED to appear in person in Courtroom 9D, on the 9th Floor of the Ronald Reagan Federal Building and United States Courthouse at 411 W. Fourth Street Santa Ana, CA 92701. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cla) TEXT ONLY ENTRY. (Entered: 12/28/2022) | Send Runner to Court |
| 23 | 12/16/2022 | REPLY in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 12/16/2022) | View   Add to request |
| 22 | 12/09/2022 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action 21 filed by Defendants 32nd District Agricultural Association, Rob Bonta, Does, Gavin Newsom, Karen Ross. (Attachments: # 1 DECLARATION OF JENNIFER OLVERA IN SUPPORT OF STATE DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION, # 2 STATE DEFENDANTS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION, # 3 [PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE)(Attorney Nicole Juliet Kau added to party Does(pty:dft))(Kau, Nicole) (Entered: 12/09/2022) | View   Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| 21 | 11/16/2022 | NOTICE OF MOTION AND MOTION for Preliminary Injunction re the enforcement of California Penal Code sections 27573 and 27575 during the pendency of this action filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistoal Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. Motion set for hearing on 1/6/2023 at 09:00 AM before Judge John W. Holcomb. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Request for Judicial Notice, # 3 Declaration of Anna M. Barvir, # 4 Declaration of Carl Dawson Michel, # 5 Declaration of Tracy Olcott, # 6 Declaration of Gerald Clark, # 7 Declaration of Eric Johnson, # 8 Declaration of Chad Littrell, # 9 Declaration of Jan Steven Merson, # 10 Declaration of Richard Minnich, # 11 Declaration of Patrick Lopez, # 12 Declaration of Alan Gottlieb, # 13 Proposed Order) (Barvir, Anna) (Entered: 11/16/2022) | View   Add to request |
| 20 | 11/14/2022 | ORDER On Stipulation and Joint Motion to Extend Time to Respond to the Complaint By More Than 30 Days and Request for Scheduling Order 16 by Judge John W. Holcomb. See document for further information. (jp) (Entered: 11/15/2022) | View   Add to request |
| 19 | 11/14/2022 | FIRST AMENDED COMPLAINT against Defendants All Defendants amending Complaint (Attorney Civil Case Opening),,,, 1 , filed by Plaintiffs Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 | View   Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | | | | |
|---|---|---|---|---|
| | | Redlined Version)(Barvir, Anna) (Entered: 11/14/2022) | | |
| 18 | 11/14/2022 | Notice of Errata re: First Amended Complaint filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 11/14/2022) | View | Add to request |
| 17 | 11/11/2022 | FIRST AMENDED COMPLAINT against Defendants All Defendants amending Complaint (Attorney Civil Case Opening),,,, 1 , filed by Plaintiffs Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Redlined Version)(Barvir, Anna) (Entered: 11/11/2022) | View | Add to request |
| 16 | 11/08/2022 | STIPULATION for Extension of Time to File Answer filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Attachments: # 1 Proposed Order)(Barvir, Anna) (Entered: 11/08/2022) | View | Add to request |
| 15 | 09/19/2022 | ORDER TO EXTEND TIME TO RESPOND TO THE COMPLAINT 14 by Judge John W. Holcomb. The Court hereby GRANTS the motion and orders as follows; The time to answer, move to dismiss, or otherwise respond to the Complaint for the Stipulating Defendants is extended to 11/14/2022. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 09/19/2022) | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| 14 | 09/16/2022 | STIPULATION for Extension of Time to File Answer to November 14, 2022 re Complaint (Attorney Civil Case Opening),,,, 1 , STIPULATION for Extension of Time to File Response to Complaint filed by Defendants 32nd District Agricultural Association, Rob Bonta, Gavin Newsom, Karen Ross, Todd Spitzer. (Attachments: # 1 Proposed Order Proposed Order to Extend Time to Respond to the Complaint)(Attorney Nicole Juliet Kau added to party 32nd District Agricultural Association(pty:dft), Attorney Nicole Juliet Kau added to party Rob Bonta(pty:dft), Attorney Nicole Juliet Kau added to party Gavin Newsom(pty:dft), Attorney Nicole Juliet Kau added to party Karen Ross(pty:dft), Attorney Nicole Juliet Kau added to party Todd Spitzer(pty:dft))(Kau, Nicole) (Entered: 09/16/2022) | View  Add to request |
| 13 | 09/07/2022 | PROOF OF SERVICE Executed by Plaintiff Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell, upon Defendant 32nd District Agricultural Association served on 8/29/2022, answer due 9/19/2022. Service of the Summons and Complaint were executed upon Jesus Lara, Human Resources Specialist, Person Authorized to Accept in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Michel, Carl) (Entered: 09/07/2022) | View  Add to request |
| 12 | 09/07/2022 | PROOF OF SERVICE Executed by Plaintiff Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell, upon Defendant Todd Spitzer served on 8/29/2022, answer due 9/19/2022. Service of the Summons and Complaint were executed upon John Hurley, Person Authorized to Accept in compliance with | View  Add to request |

Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Michel, Carl) (Entered: 09/07/2022)

| 11 | 09/07/2022 | PROOF OF SERVICE Executed by Plaintiff Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell, upon Defendant Karen Ross served on 8/31/2022, answer due 9/21/2022. Service of the Summons and Complaint were executed upon Winnie Bell, Person Authorized to Accept in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Michel, Carl) (Entered: 09/07/2022) | View | Add to request |
|----|------------|---|---|---|
| 10 | 09/07/2022 | PROOF OF SERVICE Executed by Plaintiff Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell, upon Defendant Rob Bonta served on 8/30/2022, answer due 9/20/2022. Service of the Summons and Complaint were executed upon Officer Silkwood, Person Authorized to Accept in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Michel, Carl) (Entered: 09/07/2022) | View | Add to request |
| 9 | 08/17/2022 | STANDING ORDER by Judge John W. Holcomb. PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (lom) (Entered: 08/18/2022) | View | Add to request |
| 8 | 08/16/2022 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening),,,, 1 as to Defendants 32nd District Agricultural Association, Rob Bonta, Gavin Newsom, Karen Ross, Todd Spitzer. (sh) (Entered: 08/16/2022) | View | Add to request |
| 7 | 08/16/2022 | Notice to Counsel Re Consent to Proceed Before a United States | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

| | | Magistrate Judge. (sh) (Entered: 08/16/2022) | | |
|---|---|---|---|---|
| 6 | 08/16/2022 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (sh) (Entered: 08/16/2022) | View | Add to request |
| 5 | 08/16/2022 | NOTICE OF ASSIGNMENT to District Judge John W. Holcomb and Magistrate Judge John D. Early. (sh) (Entered: 08/16/2022) | View | Add to request |

| 4 | 08/12/2022 | Notice of Interested Parties filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 08/12/2022) | View | Add to request |
|---|---|---|---|---|
| 3 | 08/12/2022 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),,,, 1 filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 08/12/2022) | View | Add to request |
| 2 | 08/12/2022 | CIVIL COVER SHEET filed by Plaintiffs Asian Pacific American Gun Owner Association, B & L Productions, Inc., California Rifle & Pistol Association, Incorporated, Gerald Clark, Eric Johnson, Chad Littrell, Jan Steven Merson, Second Amendment Law Center, Inc.. (Barvir, Anna) (Entered: 08/12/2022) | View | Add to request |
| 1 | 08/12/2022 | COMPLAINT Receipt No: ACACDC-33806351 - Fee: $402, filed by Plaintiffs Jan Steven Merson, Gerald Clark, Asian Pacific American Gun Owner Association, California Rifle & Pistol Association, Incorporated, Second Amendment Law Center, Inc., B & L Productions, Inc., Eric Johnson, Chad Littrell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (Attorney Anna M Barvir added to party Asian Pacific American Gun Owner Association(pty:pla), Attorney Anna M Barvir added to party B & L Productions, Inc.(pty:pla), Attorney Anna M Barvir added to party California Rifle & Pistol Association, Incorporated(pty:pla), Attorney Anna M Barvir added to party Gerald Clark(pty:pla), Attorney Anna M Barvir added to party Eric Johnson(pty:pla), Attorney Anna M Barvir added to party Chad | View | Add to request |

B & L Productions, Inc. et al v. Gavin Newsom et al, 8:22CV01518 (2022)

Littrell(pty:pla), Attorney Anna M
Barvir added to party Jan Steven
Merson(pty:pla), Attorney Anna
M Barvir added to party Second
Amendment Law Center, Inc.
(pty:pla))(Barvir, Anna) (Entered:
08/12/2022)

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

O

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST; GERALD CLARK; ERIC JOHNSON; CHAD LITTRELL; JAN STEVEN MERSON; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; ASIAN PACIFIC AMERICAN GUN OWNERS ASSOCIATION; SECOND AMENDMENT LAW CENTER, INC.; and SECOND AMENDMENT FOUNDATION, | Case No. 8:22-cv-01518-JWH-JDE **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF No. 21]** |

             Plaintiffs,

         v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California;
ROB BONTA, in his official capacity as Attorney General of the State of California;
KAREN ROSS, in her official capacity as Secretary of California Department of Food & Agriculture and in her personal capacity;
TODD SPITZER, in his official capacity as District Attorney of Orange County;
32nd DISTRICT AGRICULTURAL ASSOCIATION; and
DOES 1-10,

             Defendants.

# I. SUMMARY OF DECISION

The California legislature recently enacted two statutes that effectively ban gun shows at the Orange County Fairgrounds and, more broadly, on state-owned property. Plaintiffs, a group of gun show proprietors and enthusiasts, sued the Governor of California and other state officials and agencies in an effort to invalidate those two state statutes.

Plaintiffs moved for a preliminary injunction. Plaintiffs argue that the statutes at issue infringe both their First Amendment freedom-of-speech rights in a public forum and their Second Amendment rights to keep and bear arms. After reviewing the parties' extensive briefing and conducting a hearing on the motion, the Court concludes that Plaintiffs have established that they are likely to succeed on the merits of their constitutional claims and that they have satisfied the other requirements for injunctive relief. Accordingly, Plaintiffs' motion is **GRANTED**. Defendants are preliminarily **ENJOINED** and **RESTRAINED** from enforcing the two state statues at issue.

# II. BACKGROUND

Before the Court is the motion of Plaintiffs B&L Productions, Inc.; Gerald Clark; Eric Johnson; Chad Littrell; Jan Steven Merson; California Rifle & Pistol Association, Incorporated; Asian Pacific American Gun Owners Association; Second Amendment Law Center, Inc.; and Second Amendment Foundation for a preliminary injunction against Defendants Gavin Newsom, in his official capacity as Governor of the State of California; Rob Bonta, in his official capacity as Attorney General of the State of California; Karen Ross, in her official capacity as Secretary of California Department of Food & Agriculture and in her personal capacity; Todd Spitzer, in his official capacity as District Attorney of Orange County; and 32nd District Agricultural Association.[1] Specifically, Plaintiffs seek to enjoin Defendants from enforcing two statutes—California Penal Code §§ 27573 and 27575—during the pendency of this action.

The Court conducted a hearing on the Motion in April 2023. After considering the many papers filed in support and in opposition,[2] as well as the argument of counsel at

---

[1]    Pls.' Mot. for Prelim. Inj. (the "Motion") [ECF No. 21].

[2]    The Court considered the documents of record in this action, including the following papers: (1) First Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 19]; (2) Motion (including its attachments); (3) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 22]; (4) Pls.' Reply in Supp. of the Motion (the "Reply") [ECF No. 23]; (5) State Defs.' Suppl. Brief in Opp'n to the Motion ("Defendants' Supplemental

the hearing, the Court orders that the Motion is **GRANTED**, for the reasons set forth below.

## A.    Facts

Plaintiff B&L Productions, Inc., operating as Crossroads of the West ("Crossroads"), has hosted gun shows at the Orange County Fair & Event Center (the "Orange County Fairgrounds") every year for the past 30 years.[3]  During that period, Crossroads was the largest vendor of gun show events in California and at the Orange County Fairgrounds.[4]  Crossroads claims that it "operated popular, safe, heavily regulated, legal, and family-friendly gun shows" at the Orange County Fairgrounds, "where like-minded individuals gather to engage in commerce related to, and necessary for, the lawful and regulated exercise of Second Amendment rights."[5]  Although the sales of firearms were a major factor driving the popularity and profitability of the gun shows, participants also exchanged information regarding hunting, target practice, firearm training and safety, gunsmithing, and political advocacy.[6]  While fewer than 40% of the vendors at Crossroads' gun shows offer firearms or ammunition for sale, the principal draw of gun shows is the sale of firearms and ammunition, as well as the demonstration of firearms by knowledgeable dealers.

### 1.    Firearm Regulations at Gun Shows

Plaintiffs contend that "California has the most rigorous regulatory regime for commerce in firearms and ammunition in the United States" and that those regulations apply to all gun shows throughout California.[7]  Only state-approved, licensed gun show producers may operate gun shows in California; a "producer" is defined as one who holds a Certificate of Eligibility issued by the California Department of Justice.[8]  Gun

---

Brief") [ECF No. 26]; (6) Pls.' Suppl. Brief in Supp. of the Motion [ECF No. 27]; (7) State Defs.' Second Suppl. Brief in Opp'n to the Motion ("Defendants' Second Supplemental Brief") [ECF No. 31]; (8) Pls.' Response to Defendants' Second Supplemental Brief [ECF No. 32]; (9) Pls.' Obj. to State Defs.' Expert Decl. ("Plaintiffs' Evidentiary Objections") [ECF No. 33]; (10) State Defs.' Reply in Supp. of Suppl. Brief in Opp'n to the Motion ("Defendants' Supplemental Reply") [ECF No. 34]; (11) State Defs.' Response to Plaintiffs' Evidentiary Objections [ECF No. 35]; (12) Pls.' Notice of Suppl. Authority [ECF No. 36]; and (13) Pls.' [Second] Notice of Suppl. Authority [ECF No. 42].

[3]      Amended Complaint ¶ 11.

[4]      *Id.*

[5]      *Id.* at ¶¶ 1 & 2.

[6]      *Id.* at ¶ 4.

[7]      *Id.* at ¶ 43.

[8]      *Id.* at ¶¶ 44 & 45.

show producers must certify that they are familiar with all California laws and regulations regarding gun shows; they must possess a minimum of $1,000,000 in liability insurance; they must provide an annual list of such shows or events to the California Department of Justice; and they must provide law enforcement with a list of all vendors that will participate in the gun show to sell, lease, or transfer firearms. Cal. Penal Code § 27200 & 27205.[9] Vendors must also provide an annual event and security plan to the California Department of Justice and to local law enforcement agencies.[10]

All gun show vendors must comply with all California state laws, and gun show producers must post signage stating that participants must comply with state law and that each firearm carried onto the premises will be checked, cleared, and secured before its owner is admitted to the gun show.[11] Additionally, those signs must state that "[a]ll firearm transfers between private parties at the show shall be conducted through a licensed dealer in accordance with applicable state and federal laws."[12] Gun show producers must also post signs stating that "[t]he transfer of firearms on the parking lot of this facility is a crime."[13]

Furthermore, except in limited circumstances that are unique to law enforcement, actual firearm transfers are prohibited from taking place at any gun show in California.[14] Firearm sales may be *initiated* through an on-site licensed "transfer dealer," but delivery of the firearm cannot be *completed* at the gun show. Instead, purchasers must pick up their purchased firearm at a licensed retailer at a different location, following a 10-day waiting period and successful background check. Plaintiffs claim that, as a result, there is "no gun show loophole" at gun shows in California, which must operate in accordance with state law.[15] Gun shows must also follow California's Gun Show Act of 2000, Cal. Penal Code §§ 27200-27245, which places many additional regulations on gun shows in California.[16]

---

[9]     *Id.* at ¶ 46.

[10]    *Id.* at ¶ 47.

[11]    *Id.* at ¶¶ 49 & 52.

[12]    *Id.* at ¶ 52.

[13]    *Id.* at ¶ 53.

[14]    *Id.* at ¶ 55.

[15]    *Id.*

[16]    *Id.* at ¶ 56.

## 2. SB 264

California State Senator Dave Min, acting upon his campaign promise that "in my first 100 days in office, I promise to author legislation for a ban on these gun shows at the OC Fair and Events Center once and for all," sponsored Senate Bill 264 ("SB 264").[17] The bill, which took effect on January 1, 2022, modified Cal. Penal Code § 27575,[18] and it bars any "officer, employee, operator, lessee, or licensee of the [District]" from "contract[ing] for, authoriz[ing], or allow[ing] the sale of any firearm, firearm precursor part, or ammunition on the property or in the building that promise the OC Fair and Events Center."[19] SB 264 does not bar the possession of firearms at the Orange County Fairgrounds, and it contains exceptions for law enforcement and gun buyback programs.[20]

In his comments on March 16, 2021, to the Senate Public Safety Committee, Senator Min stated that "SB 264 will ensure that the state is not profiting from the sale of firearms and ammunition on state property or facilitating gun shows that would undermine California's strong firearm regulations."[21] He went on to explain that even if no unlawful activities occurred at gun shows, "there is a principal [*sic*] that taxpayers

---

[17]    *Id.* at ¶ 131.

[18]    The entire text of Cal. Penal Code § 27575 is as follows:

(a)    Notwithstanding any other law, an officer, employee, operator, lessee, or licensee of the 32nd District Agricultural Association, as defined in Section 3884 of the Food and Agricultural Code, shall not contract for, authorize, or allow the sale of any firearm, firearm precursor part, or ammunition on the property or in the buildings that comprise the OC Fair and Event Center, in the County of Orange, the City of Costa Mesa, or any successor or additional property owned, leased, or otherwise occupied or operated by the district.

(b)    This section does not apply to any of the following:

(1)    A gun buyback event held by a law enforcement agency.

(2)    The sale of a firearm by a public administrator, public conservator, or public guardian within the course of their duties.

(3)    The sale of a firearm, firearm precursor part, or ammunition on state property that occurs pursuant to a contract that was entered into before January 1, 2022.

(4)    The purchase of ammunition on state property by a law enforcement agency in the course of its regular duties.

[19]    Amended Complaint ¶ 133.

[20]    *Id.* at ¶ 134.

[21]    *Id.* at ¶ 141.

should not be utilized, and taxpayer venues should not be utilized to promulgate the distribution of more guns into our communities."[22]

### 3. SB 915

Building upon SB 264's ban on sales of firearms at the Orange County Fairgrounds, Senator Min next introduced SB 915 added Cal. Penal Code § 27573[23] barring any "state officer or employee, or operator, lessee, or licensee of any state property" from "contract[ing] for, authoriz[ing], or allow[ing] the sale of any firearm, firearm precursor part, or ammunition on state property or in the buildings that sit on state property or property otherwise owned, leased, occupied, or operated by the state."[24]

Although SB 915 did not take effect until January 1, 2023, Plaintiffs claim that, even before that date, state officials had stopped entering into contracts with gun show promoters.[25] Senator Min issued a press release declaring that "[l]ast year we laid the foundation for this moment with a ban on gun shows at the Orange County Fairgrounds. Today, I am proud to announce that California will become the first in the nation to enact a total ban statewide."[26]

---

[22]    *Id.* at ¶ 142.

[23]    The entire text of Cal. Penal Code § 27573 is as follows:

(a)    A state officer or employee, or operator, lessee, or licensee of any state property, shall not contract for, authorize, or allow the sale of any firearm, firearm precursor part, or ammunition on state property or in the buildings that sit on state property or property otherwise owned, leased, occupied, or operated by the state.

(b)    This section does not apply to any of the following:

(1)    A gun buyback event held by a law enforcement agency.

(2)    The sale of a firearm by a public administrator, public conservator, or public guardian within the course of their duties.

(3)    The sale of a firearm, firearm precursor part, or ammunition on state property that occurs pursuant to a contract that was entered into before January 1, 2023.

(4)    The purchase of firearms, firearm precursor parts, or ammunition on state property by a law enforcement agency in the course of its regular duties.

(5)    The sale or purchase of a firearm pursuant to subdivision (b) or (c) of Section 10334 of the Public Contract Code.

[24]    Amended Complaint ¶ 146.

[25]    *Id.* at ¶ 148.

[26]    *Id.* at ¶ 149.

Crossroads was unable to contract for a gun show for 2021. Instead, Defendant 32nd District Agricultural Association (the "<u>32nd DAA</u>") informed Plaintiffs that it would revisit the issue again in January 2022, after SB 264 went into effect.[27] Since the passage of SB 264, Plaintiffs have been unable to use the Orange County Fairgrounds as a venue for gun shows, even though Crossroads claims that it offered to hold events without the sale of firearms, ammunition, or precursor parts.[28] SB 915 has similarly prevented Plaintiffs from holding gun shows at any other state-owned facilities in California.[29]

## B. Procedural History

Plaintiffs filed their initial Complaint in August 2022 and amended their pleading November 2022, asserting the following seven claims for relief:

- Violation of Right to Free Speech Under U.S. Const., amend. I, 42 U.S.C. § 1983;
- Violation of Right to Free Speech Under U.S. Const., amend. I, Mixed Political—Commercial, 42 U.S.C. § 1983;
- Violation of Right to Commercial Speech Under U.S. Const., amend. I, 42 U.S.C. § 1983;
- Prior Restraint on Right of Free Speech Under U.S. Const., amend. I, 42 U.S.C. § 1983;
- Violation of Right to Assembly and Association Under U.S. Const., amend. I, 42 U.S.C. § 1983;
- Violation of the Right to Equal Protection Under U.S. Const., amend. XIV, 42 U.S.C. § 1983;
- Violation of Right to Keep and Bear Arms Under U.S. Const., amend. II, 42 U.S.C. § 1983.[30]

That same month, Plaintiffs filed the instant Motion for a preliminary injunction. After reviewing the parties' initial papers, the Court ordered two rounds of supplemental briefing concerning Plaintiffs' Second Amendment claim.[31]

---

[27]     *Id.* at ¶ 162.

[28]     *Id.* at ¶¶ 165 & 166.

[29]     *Id.* at ¶ 166.

[30]     *See id.*

[31]     *See* Order for Suppl. Briefing Regarding the Motion [ECF No. 25]; Order for Add'l Suppl. Briefing Regarding the Motion [ECF No. 28].

## III. LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy. . .; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotations omitted).

## IV. ANALYSIS

### A.   Request for Judicial Notice

Plaintiffs and Defendants submit separate requests for judicial notice with their respective papers. Plaintiffs request judicial notice of 25 public documents, consisting of legislative history pertaining to the two state bills, as well as both federal and state government studies concerning gun violence.[32] Defendants request judicial notice of four publicly filed documents relating to a case styled as *B&L Prods. v. Newsom*, Case No. 21-cv-1718, which is pending in the Southern District of California.[33]

Rule 201 of the Federal Rules of Evidence permits judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such facts include "matters of public record." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Additionally, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be

---

[32]   *See* Pls.' Request for Judicial Notice in Supp. of the Motion ("Plaintiffs' RJN") [ECF No. 21-2].

[33]   *See* State Defs.' Request for Judicial Notice in Supp. of Opp'n to the Motion [ECF No. 22-2].

questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Accordingly, to the extent that the Court relies upon the documents provided by Plaintiffs and Defendants, both parties' requests for judicial notice are **GRANTED**.[34]

### B. Preliminary Injunction Factors

#### 1. Likelihood of Success on the Merits

##### a. Plaintiffs' First Amendment Claims

Plaintiffs move for a preliminary injunction based upon several theories under the First Amendment. First, Plaintiffs assert that California's ban on the sale of firearms at state-owned fairgrounds is "a thinly veiled" pretextual attack on the gun shows themselves and that the laws are an unconstitutional censorship of content and viewpoints.[35] Second, Plaintiffs claim that the Orange County Fairgrounds is a public forum and that the state's restriction on gun sales at gun shows acts as a content-based speech prohibition.[36] Finally, Plaintiffs argue that the ban on gun sales at the Orange County Fairgrounds serves as a restriction on commercial speech and that, even with diminished First Amendment protections, the enforcement of the state statutes in question should still be enjoined.

"In recognition of the longstanding principle that courts should avoid 'passing on questions of constitutionality . . . unless such adjudication is unavoidable,'" *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1089 (9th Cir. 2022) (citing *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944)), the Court will begin by addressing Plaintiffs' First Amendment claims on the narrower commercial speech restriction. *See also Ashwander v. TVA*, 297 U.S. 288, 346–47 (1936) (Brandeis, J., concurring) (counseling that a court should neither "anticipate a question of constitutional law in advance of the necessity of deciding it" nor "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied").

---

[34] Plaintiffs object to Defendants' expert declarations in their Second Supplemental Brief. *See* Plaintiffs' Evidentiary Objections. Because those expert declarations are relevant to the supplemental briefing that the Court requested, Plaintiffs' objections are **OVERRULED**, and Plaintiffs' accompanying motion to strike is **DENIED**.

[35] Motion 7:5-10.

[36] *Id.* at 10:25-11:10.

### i.  Commercial Speech

"The Fourteenth Amendment, by incorporating the First Amendment and applying it to the States, precludes state and local governments from 'abridging the freedom of speech.'"  *Nordyke v. Santa Clara Cnty.*, 110 F.3d 707, 710 (9th Cir. 1997) ("*Nordyke 1997*").  Defendants claim that SB 264 and SB 915 do not abridge anyone's freedom of speech, because those laws "prohibit the sale of firearms, firearm precursor parts, and ammunition at the Fairgrounds and state property, respectively, and thus an offer to make such sales, assuming that it does not concern a lawful activity, is not protected commercial speech."[37]

Commercial speech is defined as speech that "does no more than propose a commercial transaction."  *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762 (1976) (Stewart, J., concurring); *see also Hunt v. City of Los Angeles*, 638 F.3d 703 (9th Cir. 2011) (holding that when "speech is directed to [a seller's] products and why a consumer should buy them," that speech "clearly propose[s] a commercial transaction").  Additionally, when evaluating the sale of firearms within the gun show context, the Ninth Circuit has held that "[a]n offer to sell firearms or ammunition is speech that 'does no more than propose a commercial transaction.'  Such an offer is, therefore, commercial speech within the meaning of the First Amendment." *Nordyke 1997*, 110 F.3d at 710.

First Amendment protections for commercial speech are not unlimited, however; they are governed by the test that the Supreme Court articulated in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980):

> In commercial speech cases, then, a four-part analysis has developed.  At the outset, we must determine whether the expression is protected by the First Amendment.  For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading.  Next, we ask whether the asserted governmental interest is substantial.  If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

*Id.* at 566.

The Ninth Circuit has previously analyzed commercial speech protections for gun shows.  In *Nordyke 1997*, the Ninth Circuit heard an appeal from a preliminary injunction preventing the enforcement of an addendum to the lease between the Santa Clara County

---

[37]     Opposition 16:2-6.

Fairgrounds Management Corporation (the "SCCFMC") and the owner of the Fairgrounds, Santa Clara County. The addendum to the lease prohibited any gun shows from being held on the fairgrounds. *Nordyke 1997*, 110 F.3d at 708. Similar to the instant action, there Santa Clara County informed the SCCFMC that the county did not intend to ban the "exchange of information or ideas about guns, gun safety, or the display of guns for historical or educational purposes," but it prohibited only the "selling, offering for sale, supplying, delivering, or giving possession or control of firearms or ammunition to any other person at a gun show at the fairgrounds." *Id.* at 708-09. The ban extended to "any act initiating any of the foregoing transactions with the intent of completing them at a later date." *Id.* at 709.

The Nordykes—plaintiffs/appellees in *Nordyke 1997*—were gun show promoters who had previously operated at the Santa Clara Fairgrounds. The Northern District of California granted the Nordykes' request for a preliminary injunction because the addendum to the lease violated the Nordykes' First Amendment rights. *See id.* The Ninth Circuit concluded that "the sale of firearms at a gun show at the Fairgrounds, which is not proscribed by federal or state law, is 'lawful activity,' because the County has not enacted an ordinance to prohibit such sales." *Id.* at 710. In a footnote, the Ninth Circuit explained that "we are assuming, without deciding, for the purposes of this analysis, that the County has the power to enact such an ordinance. However, we acknowledge that, under established preemption principles, the County may in fact lack that power." *Id.* at 710 n.3.

The Nordykes' legal saga continued over the next two decades, when those plaintiffs subsequently challenged an Alameda County ordinance that prohibited the possession of firearms on county property, which would make gun shows unprofitable. *See Nordyke v. King*, 319 F.3d 1185, 1188 (9th Cir. 2003) ("*Nordyke 2003*"); *see also Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012) (detailing the action's 12-year history involving Alameda County). In *Nordyke 2003*, the Ninth Circuit reaffirmed that the lease addendum in *Nordyke 1997* was "an unconstitutional infringement of commercial free speech rights" because it "prohibited offers to sell guns," and the Ninth Circuit instructed that "[in] cases such as *Nordyke* [*1997*], what renders the law unconstitutional is the interference with speech itself, not the hindering of actions (e.g., sales) that are not speech." *Nordyke 2003*, 319 F.3d at 1191. The Ninth Circuit upheld Alameda County's ban on firearm possession because "possession itself is not commercial speech," and, as such, the ordinance did "not infringe Nordyke's right to free commercial speech." *Id.*

Defendants here maintain that the instant action is distinguishable from *Nordyke 1997* because SB 264 and SB 915 statutorily ban gun sales on state fairgrounds, as opposed to the addendum in *Nordyke 1997*, which modified the county's lease. Whereas the underlying gun sales were a lawful activity in *Nordyke 1997*—and they were therefore protected as commercial speech—now the State of California has passed laws prohibiting

those sales as ***unlawful***, thereby justifying the commercial speech restriction under *Central Hudson*.[38]  This circular reasoning is illogical and disingenuous, however, because a law's existence cannot be the only source of its constitutional validity.  *See Friedman v. City of Highland Park, Illinois*, 784 F.3d 406, 409 (7th Cir. 2015) ("[I]t would be absurd to say that the reason why a particular weapon can be banned is that there is a statute banning it.").

In order to withstand Plaintiffs' instant challenge, the statutes at issue must stand on their own constitutional soundness.  To assess whether those statutes infringe Plaintiffs' First Amendment rights, the Court must begin by examining the text of SB 264 and SB 915.  *See Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1749 (2020) ("This Court has explained many times over many years that, when the meaning of the statute's terms is plain, our job is at an end.").

### (a)  Textual Analysis of SB 264 and SB 915

SB 264 amended California law to provide that "an officer, employee, operator, lessee, or licensee of the" 32nd DAA "shall not contract for, authorize, or allow the ***sale*** of any firearm, firearm precursor part, or ammunition on the property" of the Orange County Fairgrounds.  Cal. Penal Code § 27575 (emphasis added).  Additionally, SB 915 amended California law so that "a state officer or employee, or operator, lessee, or licensee of any state property, shall not contract for, authorize, or allow the ***sale*** of any firearm, firearm precursor part, or ammunition on state property."  Cal. Penal Code § 27573 (emphasis added).

In both statutes, the operative term "sale" controls whether commercial speech protections apply to Plaintiffs' gun shows.  Webster's Dictionary defines "sale" as "the act of selling; *specifically*:  the transfer of ownership of and title to property from one person to another for a price."[39]  Black's Law Dictionary defines "sale" as:

> 1.    The transfer of property or title for a price.  *See* UCC § 2-106(1).
> 2.    The agreement by which such a transfer takes place.  • The four elements are (1) parties competent to contract, (2) mutual assent, (3) a thing capable of being transferred, and (4) a price in money paid or promised.[40]

---

[38]    *Id.* at 16:2-6.

[39]    "Sale."  Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/sale.  Accessed Oct. 23, 2023.

[40]    SALE, Black's Law Dictionary (11th ed. 2019).

For a sale to occur, the participants must engage in commercial speech in which the sellers inform the buyer about its product, the participants engage in a negotiation, and they set a price and other terms for the exchange. *See Hunt*, 638 F.3d at 716. Because "[c]ommercial speech is 'usually defined as speech that does not more than propose a commercial transaction,'" legislation that restricts sales also restricts commercial speech. *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107 (9th Cir. 2021) (citing *United States v. United Foods, Inc.*, 533 U.S. 405, 409 (2001)). Although Defendants are correct that the mere "act of exchanging money for a gun is not 'speech' within the meaning of the First Amendment," *Nordyke 1997*, 110 F.3d at 710, the challenged statutes implicate commercial speech by restricting the sale of otherwise legal firearms at the Orange County Fairgrounds.[41] More specifically, at the hearing Defendants stated that SB 264 and SB 915 prevent the "consummation" of sales at gun shows and that offers and acceptances of firearm sales at gun shows were prohibited under the statues—all of which directly implicate commercial speech.[42]

Even assuming that merely exchanging money for a firearm is not speech, the sales regulated by those statutes do not involve the physical exchange of a weapon. Before the enactment of SB 264 and SB 915, customers at gun shows in California could negotiate and contract for a sale with firearm vendors, but those customers were still required to comply with California's 10-day waiting period and to retrieve the purchased firearm at a physical store not located on the fairgrounds.[43] *See* Cal. Penal Code § 26805. Because sales made at California gun shows must be completed both temporally and physically removed from the show itself, SB 264 and SB 915 exceed the mere prohibition of "exchanging money for a gun." Instead, the Court concludes that the challenged statutes unmistakably regulate commercial speech.

Further, the statutes in question do not merely regulate the sale of firearms; they also prohibit state officers, employees, operators, lessees, or licensees from "contract[ing], authoriz[ing], or allow[ing]" the sale of firearms at the Orange County Fairgrounds or on state property. Webster's Dictionary defines "contract" as "a binding agreement between two or more persons or parties; *especially*: one legally enforceable";[44] "authorize" is defined as "to endorse, empower, justify, or permit by or as if by some recognized or proper authority (such as custom, evidence, personal right, or regulating

---

[41] Opposition 10:18-24.

[42] April 6, 2023, Hr'g Tr. (the "Hearing Transcript") [ECF No. 40] 6:5-6 & 9:21-10:1.

[43] Amended Complaint ¶ 55.

[44] "Contract." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/contract. Accessed Oct. 23, 2023.

power));[45] and "allow" is defined as "permit" or "to fail to restrain or prevent."[46]  The common thread behind these three words is that they require actions beyond "the act of exchanging money for a gun," *Nordyke 1997*, 110 F.3d at 710, and implicate commercial speech when they prohibit the sale of all firearm-related goods on state property.

### (b)    *Central Hudson* Test

Having concluded that SB 264 and SB 915 restrict commercial speech, the Court now applies intermediate scrutiny under the Supreme Court's test in *Central Hudson*.  *See Retail Digital Network, LLC v. Prieto*, 861 F.3d 839 (9th Cir. 2017) (upholding application of intermediate scrutiny through the *Central Hudson* test).  As described above, the sale of lawful firearms involves commercial speech protected by the First Amendment, thereby implicating the "lawful" portion of the *Central Hudson* test.  *See Nordyke 1997*, 110 F.3d at 712 ("The 'lawful' portion of the *Central Hudson* test presents no difficulty in this case.").  Here, much like in *Nordyke 1997*, the Court will not address whether it is within the power of the state to restrict the sale of certain classes or types of weapons at gun shows.  Assuming that the weapons that Plaintiffs sell conform with state and federal law, the sale of those weapons constitutes a lawful activity for the purposes of commercial speech.  *See id.* at 710 n.3.

Next, the Court concludes that Defendants' "asserted governmental interest is substantial."  *Central Hudson*, 447 U.S. at 566.  In their Opposition, Defendants argue that "there is a 'substantial interest in protecting the people from those who acquire guns *illegally* and use them to commit crimes resulting in injury or death of their victims.'"[47]  Although Defendants acknowledge that the state interest pertains only to *illegally* acquired firearms, California firearm regulations aimed at addressing illegal sales apply equally to gun shows and to brick-and-mortar stores.[48]  *See* Cal. Penal Code § 26805.  Under *Central Hudson*, then, the question before the Court is whether SB 264 and SB 915 address the state's interest in prohibiting illegal firearm sales.

Because SB 264 and SB 915 prohibit all sales of otherwise lawful firearms at the Orange County Fairgrounds and at other gun shows held on state-owned property, the statutes do not "directly advance[] the governmental interest asserted."  *Central Hudson*, 447 U.S. at 556.  "By banning gun sales only at the Fairgrounds," California "achieves

---

[45]      "Authorize."  Merriam-Webster.com Dictionary,  Merriam-Webster, https://www.merriam-webster.com/dictionary/authorize.  Accessed Oct. 23, 2023.

[46]      "Allow."  Merriam-Webster.com Dictionary, Merriam-Webster,  https://www.merriam-webster.com/dictionary/allow.  Accessed Oct. 23, 2023.

[47]      Opposition 16:9-11 (citing *Nordyke 1997*, 110 F.3d at 713) (emphasis added).

[48]      Amended Complaint ¶ 55.

nothing in the way of curtailing the overall possession of guns in the County," let alone *illegal* firearms. *Nordyke 1997*, 110 F.3d at 713 (citing *Nordyke v. Cnty. of Santa Clara*, 933 F. Supp. 903, 909 (N.D. Cal. 1996)).

Even if the Court were to conclude that banning lawful firearm sales at the Orange County Fairgrounds directly advances California's interest in stopping illegal weapon sales, the regulation would still be "more extensive than is necessary to serve that interest." *Central Hudson*, 447 U.S. at 566. California's interest in stopping crimes committed with illegal weapons, "as important as it is, cannot justify" prohibiting the complete sale of lawful firearms at gun shows, *id.* at 570, especially when those same firearms are available for purchase at regular gun stores—and, in fact, the firearms purchased at gun shows must be retrieved at brick-and-mortar gun stores. *See* Cal. Penal Code § 26805.

Plaintiffs contend that Defendants enacted SB 264 and SB 915 because of a pretextual animus toward "gun culture" and those who attend gun shows,[49] but the Court does not need to infer bad faith by Defendants to issue a preliminary injunction. Although "[t]here is no doubt that the City has a substantial interest in safeguarding its citizens against violence," *Edwards v. City of Coeur d'Alene*, 262 F.3d 856, 863 (9th Cir. 2001), "even the most legitimate goal may not be advanced in a constitutionally impermissible manner," *Carey v. Brown*, 447 U.S. 455, 464–65 (1980).

A previous case in the Southern District of California is instructive. In *B&L Prods., Inc. v. 22nd Dist. Agric. Ass'n*, 394 F. Supp. 3d 1226 (S.D. Cal. 2019), the same Crossroads Plaintiff in the instant action commenced a case against the 22nd District Agricultural Association (the "22nd DAA") because of a one-year moratorium on gun shows at the Del Mar Fairgrounds. Although the gun show moratorium at the Del Mar Fairgrounds was broader than the prohibition on gun sales at issue here, the court held that "[a] general fear that people attending gun shows will violate state and local laws about gun possession or even commit acts of gun violence in the community upon leaving the show cannot justify the Moratorium." *Id.* at 1248.

Similar to the action involving the 22nd DAA, Defendants' attempt here to use the legislative history of SB 264 and SB 915 in support of California's asserted interest in stopping illegal firearm sales fails to survive intermediate scrutiny.[50] The legislative findings of SB 264 do not identify any specific harms at the Orange County Fairgrounds, nor do they indicate that gun shows present any particular risk that exceeds those of

---

[49]     Motion 16:9-11.

[50]     Opposition 16:12-16.

lawful gun sales accomplished at brick-and-mortar stores.[51]  Likewise, the legislative findings of SB 915 do not examine the Orange County Fairgrounds—or any other California gun shows—but, instead, they generalize the risks from other gun shows conducted across the United States, even though the legislative findings acknowledge that existing California law applies equally to all gun shows in the state.[52]  Further demonstrating the disconnect between the challenged statutes and the state's purported goals, one of the studies upon which the legislative history relies states that "in California, where both gun shows themselves and gun commerce generally are regulated, ***sales at gun shows are not a risk factor*** among licensed retailers for disproportionate sales of crime guns."[53]  Accordingly, under intermediate scrutiny and the *Central Hudson* test, SB 264 and SB 915 act an as unconstitutional infringement on commercial speech.  The Court therefore concludes that Plaintiffs will likely prevail on that First Amendment claim.

### ii.    Limited Public Forum

In addition to their commercial speech argument, Plaintiffs claim that Defendants have unlawfully curtailed Plaintiffs' First Amended rights by prohibiting Plaintiffs' access to a public forum.[54]

The Orange County Fairgrounds is a state-owned property maintained for public use, and it hosts all manner of expressive events, including concerts, festivals, and fairs.[55]  The 32nd DAA actively promotes public use of the property, which hosts more than 150 events that attract approximately 4.3 million visitors annually.[56]

Plaintiffs further allege that the 32nd DAA has refused to contract with Plaintiffs, even if Plaintiffs agree to exclude firearm vendors.[57]  Plaintiffs claim that they offered to host the 2022 gun show without the sale of firearms, ammunition, or precursor parts—in compliance with SB 264—but that the 32nd DAA nevertheless refused to contract with Plaintiffs.  Discovery may be necessary for Plaintiffs to establish why the 32nd DAA refused to allow Plaintiffs to use the Orange County Fairgrounds, but, in any event,

---

[51]    Amended Complaint, Ex. 11 [ECF No. 19-11] 3.

[52]    *Id.*, Ex. 16 [ECF No. 19-16] 2-4.

[53]    Decl. of Anna Barvir in Supp. of the Motion (the "Barvir Declaration") [ECF No. 21-3], Ex. 33 at 33 (emphasis added).

[54]    Motion 10:21-24.

[55]    *Id.* at 10:26-28; Barvir Declaration, Ex. 28.

[56]    Barvir Declaration, Ex. 29 at 2.

[57]    Motion 10:13-20; Decl. of Tracy Olcott in Supp. of the Motion (the "Olcott Declaration") [ECF No. 21-5] ¶¶ 7-10.

Plaintiffs' allegations exceed mere commercial speech concerns and extend to expressive conduct.

The Ninth Circuit instructs that in assessing a First Amendment claim for speech on government property, "we must identify the nature of the forum, because the extent to which the Government may limit access depends on whether the forum is public or nonpublic." *Hopper v. City of Pasco*, 241 F.3d 1067, 1074 (9th Cir. 2001) (citing *Cornelius v. NAACP Legal Defense & Educ. Fund*, 473 U.S. 788, 797 (1985)). "[T]he two main categories of fora are public (where strict scrutiny applies) and non-public (where a more lenient 'reasonableness' standard governs)." *Id.*

Specific to the Ninth Circuit, "a limited public forum is a sub-category of a designated public forum that 'refer[s] to a type of nonpublic forum that the government has intentionally opened to certain groups or to certain topics.'" *Id.* (citing *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 965 (9th Cir. 1999)). "In a limited public forum, restrictions that are viewpoint neutral and reasonable in light of the purpose served by the forum are permissible." *Id.* (citing *Rosenberger v. Rector & Visitors of the Univ. of Virginia*, 515 U.S. 819, 829 (1995)).

Here, the parties agree that the Orange County Fairgrounds is at least a limited public forum.[58] *See also Heffron v. Int'l Soc. For Krishna Consciousness, Inc.*, 452 U.S. 640 (1981) (holding that "[t]he Minnesota State Fair is a limited public forum in that it exists to provide a means for a great number of exhibitors temporarily to present their products or views, be they commercial, religious, or political, to a large number of people in an efficient fashion"). In a limited public forum, any restrictions on participants "must be reasonable and viewpoint neutral." *Christian Legal Soc. v. Martinez*, 561 U.S. 661, 679 (2010).

### (a)    Reasonableness Standard

"A subject-matter or speaker-based exclusion must meet two requirements to be reasonable in a limited public forum." *Seattle Mideast Awareness Campaign v. King Cnty.*, 781 F.3d 489, 499 (9th Cir. 2015). "First, it must be 'reasonable in light of the purpose served by the forum.'" *Id.* (citing *Cornelius*, 473 U.S. at 806). "This requirement focuses on whether the exclusion is consistent with 'limiting [the] forum to activities compatible with the intended purpose of the property.'" *Id.* (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 49 (1983)). "Second, exclusions must be based on a standard that is definite and objective. That requirement has been developed most prominently in the context of time, place, and manner restrictions in traditional public

---

[58]    Opposition 13:27-14:1; Reply 4:22-23.

forums, . . . but it applies with equal force in this context." *Id.* (internal citations omitted).

Insofar as SB 264 and SB 915 impose restrictions on commercial speech by banning the sale of firearms, those restrictions are unreasonable in the context of the Orange County Fairgrounds. Until California's legislature enacted SB 264 and SB 915, Crossroads had continually, for the past three decades, promoted gun shows at the Orange County Fairgrounds.[59] Additionally, as a limited public forum, the Orange County Fairgrounds has hosted a wide variety of vendors for other events, including auto shows, home shows, and beer and wine shows, all of which are consistent with commercial activities and similar to the events in which Plaintiffs are interested.[60] While limited public forums may restrict the type of hosted events to those "consistent with preserving the property for the purpose to which it is dedicated," *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 967 (9th Cir. 1999), Defendants cannot rely on this exception because of the long history of gun shows at the Orange County Fairgrounds. *See Martinez*, 561 U.S. at 685 ("Once it has opened a limited public forum, . . . the State must respect the lawful boundaries it has itself set.") (internal quotation marks and brackets omitted).

Defendants contend that SB 264 and SB 915 are sufficiently "definite and objective" within the framework of a limited public forum analysis, because those regulations "enact a reasonable restriction on ***illegal*** firearm, firearm precursor part, and ammunition transactions at gun shows for the purpose of mitigating gun violence."[61] As previously stated in the Court's analysis of commercial speech, however, the statutes are overly broad, and they do not reasonably achieve California's interest in restricting ***illegal*** firearm-related crime, because the statutes ban lawful firearm sales that would otherwise be allowed at brick-and-mortar gun stores. The Ninth Circuit also instructs that reasonable speech restrictions must be supported by an independent review of the record, *Amalgamated Transit Union Loc. 1015 v. Spokane Transit Auth.*, 929 F.3d 643, 651 (9th Cir. 2019), and the challenged statutes fail on that point because their legislative histories do not evaluate the risk of illegal firearm sales at the Orange County Fairgrounds or at California-based gun shows, but, instead, they generalize harms from gun shows conducted in other states.[62] As such, SB 264 and SB 915 do not enact reasonable subject-

---

[59] Amended Complaint ¶ 11.

[60] Motion 14:5-8.

[61] Opposition 15:6-8 (emphasis added).

[62] Plaintiffs' RJN, Ex. 2 at 3; *see also* Barvir Declaration, Ex. 34 at 33.

matter restrictions consistent with the First Amendment protections afforded to limited public forums.

### (b) Viewpoint Neutral Standard

"In addition to being reasonable, the [state]'s exclusion of speech from a limited public forum must be viewpoint neutral." *Seattle Mideast Awareness Campaign*, 781 F.3d at 501. "Discrimination against speech because of its message is presumed to be unconstitutional." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995). In their Opposition to the Motion, Defendants claim that SB 264 and SB 915 are viewpoint neutral because "they apply to any event on the Fairgrounds and all state property, not just to gun shows. Cal. Penal Code §§ 27573, 27575."[63]

"Despite the neutral content of a statute on its face, however, a statute as-applied may be constitutionally infirm if its enforcement is based on viewpoint discrimination." *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1158 (9th Cir. 2007). During the hearing on the Motion, Defendants conceded that only Plaintiffs and similarly situated gun show vendors are affected by the challenged statutes, because no other tradeshows deal in firearms.[64] Although a regulation may be deemed neutral "even if it has an incidental effect on some speakers or messages but not others," *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989), "'viewpoint discrimination' occurs when the government prohibits 'speech by particular speakers,' thereby suppressing a particular view about a subject." *Rosenbaum*, 484 F.3d at 1158 (citing *Giebel v. Sylvester*, 244 F.3d 1182, 1188 (9th Cir. 2001)).

Here, the Court finds sufficient evidence that SB 264 and SB 915 have a viewpoint-discriminatory purpose. Legislative history shows that the goal of the two statutes is to end gun shows in California,[65] and, while the opinions and statements of legislators are not dispositive of viewpoint discrimination, *see Dobbs v. Jackson Women's Heath Org.*, 142 S. Ct. 2228, 2255 (2022) ("This Court has long disfavored arguments based on alleged legislative motives."), those statements are circumstantial evidence that the statutes disfavor the lawful commercial speech of firearm vendors. *See Perry*, 460 U.S. at 46 (holding that governments may not "suppress expression merely because public officials oppose the speaker's view"). In view of the above authorities and evidence, as well as the Orange County Fairgrounds' status as a limited public forum, the Court concludes that

---

[63]  Opposition 15:4-6.

[64]  Hearing Transcript 25:15-26:12.

[65]  *See* Amended Complaint ¶¶ 131, 137, 138, 141-144, 149, & 152.

Defendants are engaging in viewpoint discrimination by prohibiting otherwise-lawful gun shows.

### iii.     Expressive Conduct

The Court must evaluate Plaintiffs' allegation that the 32nd DAA has refused to permit gun shows that exclude firearm-related sales.[66] Plaintiffs assert not only that Defendants have used SB 264 and SB 915 to ban the sale of firearms, but also that California legislators have threatened the 32nd DAA's board members with personal liability if any future gun shows are approved.[67] The statutes at issue prohibit only the sale of firearms, but Plaintiffs contend that those laws serve as a pretextual means for banning all aspects of "gun culture" practiced and exhibited at gun shows.[68]

Expressive conduct "is constitutionally protected only if it is 'sufficiently imbued with elements of communication[,]'" meaning "'[a]n intent to convey a particularized message [is] present, and . . . the likelihood [is] great that the message w[ill] be understood by those who view [ ] it[.]'" *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1058 (9th Cir. 2010) (citing *Spence v. Washington*, 418 U.S. 405, 409-11 (1974)). Defendants fail to address in their Opposition why the 32nd DAA refused to contract with Plaintiffs to use the Orange County Fairgrounds, or whether groups that exclude firearm vendors would be eligible to host gun shows. *See Hartranft v. Encore Cap. Grp., Inc.*, 543 3d 893, 913 (S.D. Cal. 2021) ("where a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived"). Accordingly, the Court concludes that Plaintiffs will likely succeed on the merits by showing that the 32nd DAA's actions infringe upon speech and expressive conduct by refusing to permit gun shows that exclude firearm vendors and sales.

### b.     Plaintiffs' Second Amendment Claim

Plaintiffs contend that California's prohibition on firearm sales at the Orange County Fairgrounds infringes their Second Amendment rights and that "the State's ban on selling firearms, ammunition, and firearm parts implicates keeping and bearing arms under the Second Amendment."[69] Defendants oppose the Motion by arguing that

---

[66]     Motion 10:13-17; Amended Complaint ¶ 166.

[67]     Amended Complaint ¶ 161, 163, & 164.

[68]     Motion 7:3-9.

[69]     *Id.* at 22:23-28.

SB 264 and SB 915 do not meaningfully restrict Plaintiffs' access to firearms, and, therefore, those statutes do not infringe Plaintiffs' Second Amendment rights.[70]

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has repeatedly held that "the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2125 (2022); *see also McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 778 (2010) ("[I]t is clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty."); *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) ("There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms.").

In *Bruen*, the Supreme Court instructed lower courts to employ a two-step analysis when considering Second Amendment claims. First, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126. When government regulation implicates an individual's Second Amendment rights, "the government may not simply posit that the regulation promotes an important interest," but, instead, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* The Court will address each step in turn.

### i.      *Bruen* Step-One Analysis

As a preliminary matter, evolving Supreme Court jurisprudence regarding the Second Amendment has overturned much of the Ninth Circuit's precedent relating to restrictions on gun shows. Whereas the *Nordyke* line of cases may be instructive regarding gun shows and commercial speech, the Ninth Circuit's previous interpretation of the Second Amendment—as guaranteeing only "a *collective* right for the states to maintain an armed militia" and "offer[ing] no protection for the individual's right to bear arms," *Nordyke 2003*, 319 F.3d at 1191 (emphasis in original)—has been unambiguously overturned by *Heller* and its progeny.

After the decisions in *Heller* and *McDonald*, Alameda County was compelled in *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012) ("*Nordyke 2012*"), to revise its interpretation of the ordinance at issue there; instead of prohibiting the possession of firearms at gun shows, vendors were required to secure firearms "to prevent

---

[70]      Opposition 21:13-24.

unauthorized use" and to attach cables to firearm fixtures to display tables—"much as cell phones, cameras, and other attractive items routinely are displayed for sale." *Id.* at 1044.

The question now before the Court is whether banning the sale of firearms at gun shows at the Orange County Fairgrounds, and state-wide, restricts an individual's rights under the Second Amendment. *Bruen*, 142 S. Ct. at 2126. Because the Second Amendment protects the individual's right to keep and bear arms in self-defense, it also must protect the attendant rights of gun ownership that make keeping and bearing arms meaningful. *See Heller*, 554 U.S. at 629 (striking down a ban on handguns, even though the statute at issue permitted the ownership of other types of firearms); *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 697 (9th Cir. 2014) (extending Second Amendment rights to the purchase of ammunition, because "without bullets, the right to bear arms would be meaningless"); *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017) (*en banc*) ("[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms.") (citing *Heller*, 554 U.S. at 617–18); *Boland v. Bonta*, 2023 WL 2588565, at *4 (C.D. Cal. Mar. 20, 2023) (granting a preliminary injunction against a California law preventing plaintiffs from "purchas[ing] state-of-the-art handguns for self-defense" because the restriction infringed Second Amendment rights); *Renna v. Bonta*, 2023 WL 2846937 (S.D. Cal. April 3, 2023) (also enjoining California laws imposing onerous safety regulations on the sale of new handgun models).

Defendants' main contention in their Opposition is that SB 264 and SB 915 do not infringe Second Amendment rights because those statutes do not meaningfully restrict an individual's ability to acquire firearms.[71] Defendants highlight *Teixeira* as controlling, in which the Ninth Circuit held that "gun buyers have no right to have a gun store in a particular location, at least as long as their access is not meaningfully constrained." *Teixeira*, 873 F.3d at 680.

In *Teixeira*, the Ninth Circuit heard an appeal from plaintiffs who wanted to open a gun store in Alameda County, but who were denied a permit by the county because of zoning restrictions. *Id.* at 673. Plaintiffs filed a Second Amendment action against the county, and the Ninth Circuit held that a plaintiff "cannot state a Second Amendment claim based solely on the ordinance's restriction on his ability to *sell* firearms." *Id.* (emphasis in original). Although the Ninth Circuit declared that "[w]e need not define the precise scope of any such acquisition right under the Second Amendment to resolve

---

[71] *Id.* at 21:13-24.

this case"; "[w]hatever the scope of that right, Teixeira has failed to state a claim that the ordinance impedes Alameda County residents from acquiring firearms." *Id.* at 678.

Examining the Second Amendment's protections for the acquisition of firearms, the *Teixeira* court held that the plaintiffs did not adequately allege that "residents cannot purchase firearms within the County as a whole, or within the unincorporated areas of the County in particular." *Id.* The Ninth Circuit reached that conclusion because there were several other gun stores within the county at which residents could purchase firearms and ammunition, including one gun store that was "600 feet away from the proposed site of Teixeira's planned store." *Id.* at 679.

*Teixeira* did not provide a precise standard for what regulation of this type would infringe an individual's Second Amendment rights, but the Ninth Circuit did note that:

> The closest Teixeira comes to stating a claim that his potential customers' Second Amendment rights have been, or will be, infringed is his allegation that the ordinance places "a restriction on **convenient access** to a neighborhood gun store and the corollary burden of having to travel to other, more remote locations to exercise their rights to acquire firearms and ammunition in compliance with the state and federal laws."

*Id.* (emphasis added). Although "the Second Amendment does not elevate convenience and preference over all other considerations," *id.* at 680, analyzing an individual's ability to acquire firearms is a starting point for assessing whether a prohibition on gun sales infringes the Second Amendment.

In the instant action, Plaintiffs claim that before the enactment of SB 264 and SB 915, Crossroads "was the largest vendor of gun show events in California and at the Fairgrounds."[72] Those gun shows served as a "modern bazaar" and a "convention-like setting" that, according to Plaintiffs, was an "incalculable benefit to the gun-buying consumer"; gun shows "promote[d] public safety."[73]

Furthermore, Plaintiffs maintain that gun shows are distinct from gun stores because "[g]un shows are designed so that people will congregate, take their time, engage each other and the vendors, and learn in a way that they do not otherwise engage."[74] In addition to selling firearms and ammunition, gun shows "are a cultural marketplace[]" where customers can not only learn about firearms and weapon safety, but also celebrate

---

[72]    Amended Complaint ¶ 11.

[73]    *Id.* at ¶ 61.

[74]    *Id.* at ¶ 65.

"gun culture" and the Second Amendment.[75] Plaintiffs claim that gun show customers are able to interact with experienced dealers in a way that "that they cannot get anywhere else." Although Defendants argue that plenty of brick-and-mortar gun stores exist throughout both California and Orange County that sell firearms and ammunition, Defendants fail to identify how the general experience of Plaintiffs' gun shows can be replicated by alternative forums in the area.[76]

At the hearing on the Motion, the parties agreed that there was no alternative gun show in Orange County on private property and that Crossroads' gun shows at the Orange County Fairgrounds were the largest in the county.[77] Plaintiffs also stated at the hearing that no other suitable venue exists in Orange County for hosting a gun show at the scale of Crossroads' gun shows at the Orange County Fairgrounds.[78] Therefore, the instant action is distinct because there is no alternative gun show in Orange County, let alone within "600 feet" of the Orange County Fairgrounds. *Teixeira*, 873 F.3d at 679. Because SB 264 and SB 915 sufficiently implicate individual rights under the Second Amendment, the Court will proceed to the second step of *Bruen*.

### ii. *Bruen* Step-Two Analysis

In view of the Court's determination that SB 264 and SB 915 burden conduct protected by the Second Amendment, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. To satisfy that burden, the state must show that "historical regulations impose a comparable burden on the right of armed self-defense" and that "that burden is comparably justified" while "engaging in an analogical inquiry." *Id.* at 2133 (citing *McDonald*, 561 U.S. at 767).

*Bruen* instructs that "analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check" and that a "well-established and representative historical *analogue*" need not be a "historical *twin*." *Id.* (emphasis in original). Furthermore, the Supreme Court directed that the "job of judges is not to resolves historical questions in the abstract," but to "resolve *legal* questions presented in particular cases or controversies." *Id.* at 2131 n.6 (emphasis in original). "Courts are thus entitled to decide a case based on the historical record compiled by the parties." *Id.*

---

[75]     *Id.* at ¶¶ 66, 67, & 70.

[76]     Defendants' Supplemental Brief 4:18-5:2.

[77]     Hearing Transcript 27:21-28:23.

[78]     *Id.* at 36:20-37:10.

Here, Defendants are unable to identify a historical analog to SB 264 or SB 915. Although Defendants chose not to explore the history of gun shows in their papers, the absence of a historical analog is unsurprising given the more modern appearance of gun shows in the United States. Instead, Defendants identify general laws in which governments regulated firearm-related possession and trade, and they reiterate their argument that Plaintiffs did not have a "freestanding right to engage in firearms commerce divorced from the citizenry's ability to obtain and use guns."[79] *Teixeira*, 874 F.3d at 684. The Court will examine these arguments in turn.

### (a)    Laws Prohibiting Firearms on Public Property and Sensitive Places

First, Defendants assert that "the challenged statutes were enacted under the government's well-established authority to set limits on the use of its property when it is acting as a proprietor."[80] While Defendants are correct that the government possesses rights that are similar to those of a private property owner when the government is acting as proprietor of its land—and Defendants identify out-of-circuit authorities holding the same,[81] *see GeorgiaCarry.org, Inc. v. U.S. Army Corps of Engineers*, 212 F. Supp. 3d 1348, 1363 (N.D. Ga. 2016) (upholding the prohibition of firearms on U.S. Army Corps of Engineers property)—Defendants miss the proverbial forest for the trees. Because SB 264 and SB 915 concern the *sale* of firearms and firearm-related goods—and not the possession of those items—that analysis collapses into the First Amendment's limited public forum doctrine and acceptable regulations of commercial speech. *See Martinez*, 561 U.S. at 685. Once the state has opened a public forum to gun shows and other similarly situated vendors, the state may impose only restrictions that are viewpoint neutral and reasonable. *Id.* at 679.

Looking next to historical restrictions on the right to possess firearms, Defendants contend that "laws forbidding the carrying of firearms in sensitive places" are "presumptively lawful" and outside the "scope of the Second Amendment."[82] *Heller*, 554 U.S. at 626-27 & n.26. Those same restrictions extend to some public spaces and large public gatherings, and Defendants cite several laws from the 1800s that included ballrooms, parks, and universities.[83] Although Defendants concede that "these historical

---

[79]    Defendants' Supplemental Brief 7:4-16.

[80]    Defendants' Supplemental Reply 3:16-18.

[81]    *Id.* at 4:4-17.

[82]    Defendants' Supplemental Brief 11:15-17.

[83]    *Id.* at 11:26-28, 12:2-3, 12:5-7, & 12:26-27.

analogues regulated the carrying, not the sale, of firearms in sensitive places,"[84] Defendants posit that "if anything, that means that such laws were more, not less, restrictive than SB 264 and SB915."[85] In further supplemental briefing, Defendants also highlight historical firearm prohibitions at state legislatures, courthouses, places of worship, and public schools.[86]

Those historical analogues are unhelpful, though, because there is no historical basis for a public space such as the Orange County Fairgrounds to be designated as a sensitive space. To the contrary, Plaintiffs hosted gun shows at the Orange County Fairgrounds for the past 30 years, and the Orange County Fairgrounds advertises itself as a commercial forum for a wide variety of vendors.[87] Furthermore, Defendants attempt to flip *Bruen* on its head by asserting that "there is no historical right under the Second Amendment to sell firearms and related products on state property."[88] While that may be true, government defendants may not shift the burden to plaintiffs under *Bruen* when attempting to identify historical analogs for firearm regulations. *See Bruen*, 142 S. Ct. at 2130. Instead, it is the state that bears the burden of identifying a historical analog to its proposed firearm regulation. Here, Defendants fail to satisfy that burden.

### (b) Government Regulation of Commerce to Promote Public Safety

Next, Defendants declare that "[f]irearms and ammunition . . . have been regulated 'from the dawn of American history'" and that, dating back to colonial times, the states used formal and informal means to regulate the gun trade.[89] In support of their contention that SB 264 and SB 915 are merely a continuation of that tradition, Defendants identify several laws dating back to the 1800s that regulated the sale and storage of gunpowder, the manufacture of firearms and magazines, the fire inspection of arms depots, and the establishment of shooting galleries and gun ranges.[90]

Although those examples may show that states exercised regulatory power over the possession and sale of firearms and ammunition, Defendants cannot properly analogize those regulations to a complete prohibition of the sale of otherwise-lawful firearms at the

---

[84]    *Id.* at 13:13-14.

[85]    *Id.* at 13:14-16.

[86]    Defendants' Second Supplemental Brief 4:23-5:12.

[87]    Motion 14:5-8.

[88]    Defendants' Supplemental Reply 3:22-23.

[89]    Defendants Second Supplemental Brief 7:16-17 & 7:22-8:3.

[90]    *Id.* at 8:13-10:18.

Orange County Fairgrounds or at other gun shows held on state property. Regulations governing the safety of firearms and gunpowder in the 1800s cannot act as a self-serving carveout for states to ban the sale of firearms, or otherwise to infringe Second Amendment rights that are concomitant with First Amendment protections for commercial speech.

Moreover, "[i]n analyzing possible analogues, one of the aspects of the laws the Court must consider is whether the historical 'restrictions imposed a substantial burden on [the Second Amendment right] analogous to the burden created by' the current law." *Boland*, 2023 WL 2588565, at *8 (citing *Bruen*, 142 S. Ct. at 2145)). Throughout their papers, Defendants repeatedly recite that the purposes behind the challenged statutes are to prevent ***illegal*** firearm sales and to stop the crimes associated with those illegal sales.[91] None of the laws that Defendants identify as historical analogs banned the sale of otherwise-legal firearms, nor did those laws regulate any limited public forum analogous to gun shows like those held at the Orange County Fairgrounds.

If anything, the fact that gun shows in California must fully comply with all laws applicable to brick-and-mortar stores makes the above comparators inapposite, because the examples that Defendants cite were equally applied to all firearm vendors and gunowners. No law that Defendants cite permitted the state arbitrarily to ban firearm sales in disfavored forums, nor did those laws discriminate between gun vendors based upon whether the sales took place on public or private land. Statements by the challenged bills' author highlight the difficulty that Defendants face in finding a historical analog; California State Senator Min declared that "California will become the first in the nation to enact a total ban statewide" on gun shows.[92] The right to sell firearms is neither freestanding nor unlimited, *Teixeira*, 873 F.3d at 684, but neither is the state's ability to impose restrictions on firearms that are inconsistent "with the Second Amendment's text and historical understanding." *Bruen*, 142 S. Ct. at 2131. In sum, the Court concludes that Plaintiffs will likely succeed on the merits of their Second Amendment claim.

### c.    Plaintiffs' Equal Protection Claim

Plaintiffs assert that because Defendants have violated their First Amendment rights through the challenged statutes, they also violate Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment.[93] U.S. Const. amend. XIV. "[U]nder the Equal Protection Clause, not to mention the First Amendment itself, government may not grant the use of a forum to people whose views it finds acceptable, but deny use to

---

[91]    Opposition 16:9-11.

[92]    Amended Complaint ¶ 149.

[93]    Motion 20:9-21:4.

those wishing to express less favored or more controversial views." *Police Dep't of City of Chicago v. Mosley*, 408 U.S. 92, 96 (1972). "Once a forum is opened up to assembly or speaking by some groups, government may not prohibit others from assembling or speaking on the basis of what they intend to say. Selective exclusions from a public forum may not be based on content alone, and may not be justified by reference to content alone." *Id.*

As Defendants admit in their Opposition, Plaintiffs' Equal Protection claim "rise[s] and fall[s] with the First Amendment claims." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1067 (9th Cir. 2012). Similar to the court in *OSU Student Alliance*, because the Court concludes that Plaintiffs are likely to prevail on their First Amendment claims that Defendants are "engaging in viewpoint discrimination," it concludes that Plaintiffs are also likely to prevail on their Equal Protection claim "for differential treatment that trenched upon a fundamental right." *Id.* (citing *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784, 798 (9th Cir. 2006)). As such, it is unnecessary for the Court to reach the question of whether Plaintiffs can prevail under a "class-of-one" theory under their Equal Protection claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

### 2. Remaining Preliminary Injunction Factors

Having examined Plaintiffs' likelihood of success on the merits of the constitutional claims, the Court will next analyze the remaining preliminary injunction factors under *Winter*, 555 U.S. at 20.

#### a. Irreparable Harm

When a court evaluates a motion for a preliminary injunction, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Because Plaintiffs are likely to prevail on their First, Second, and Fourteenth Amendment claims, this element of the preliminary injunction test is satisfied.

#### b. Balance of the Equities and Public Interest

"Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "These factors merge when the Government is the opposing party." *Id.* The Ninth Circuit directs that "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) (internal citation and quotation omitted). Additionally, "courts have 'consistently recognized the significant

public interest in upholding First Amendment principles.'" *Id.* (citing *Associated Press v. Otter*, 682 F.3d 821, 826 (9th Cir. 2012)).

Defendants assert that the balance of the equities and the public interest weigh against granting a preliminary injunction because, given the rationale for the statutes, "[t]he costs of being mistaken[] on the issue of whether the injunction would have a detrimental effect on []gun crime, violence . . . would be grave."[94] *Tracy Rifle & Pistol LLC v. Harris*, 118 F. Supp. 3d 1182, 1193 (E.D. Cal. 2015), *aff'd*, 637 F. App'x 401 (9th Cir. 2016). Defendants cite examples from the legislative history of the challenged statutes in support of their contention,[95] but, as detailed above, none of the studies that Defendants cite evaluates the harms and risks associated with gun shows at the Orange County Fairgrounds or in California in general. To the contrary, the studies that the legislative history cites list California as an exception to legal loopholes associated with gun shows elsewhere in the United States.[96] Accordingly, those preliminary injunction factors weigh in favor of Plaintiffs.

## C. Bond

Defendants did not request, in their briefing or during the hearing, that Plaintiffs post a bond or other security. *See* Fed. R. Civ. P. 65(d). Indeed, "[c]ourts routinely impose either no bond or a minimal bond in public interest environmental cases." *City of South Pasadena v. Slater*, 56 F. Supp. 2d 1106, 1148 (C.D. Cal. 1999) (citing *People* ex rel. *Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir.), *modified on other grounds*, 775 F.2d 998 (9th Cir. 1985)); *see also Renna*, 2023 WL 2588565, at *15 (same, with respect to public interest cases). Accordingly, this requirement is waived and no bond will be required.

## D. Defendants' Request for Stay of Preliminary Injunction Pending Appeal

At the hearing on the Motion, Defendants made for the first time a request that the Court stay any preliminary injunction until Defendants could file an appeal.[97] "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Index Newspapers*, 977 F.3d at 824 (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "The party requesting a stay bears the burden of showing that the

---

[94]    Opposition 25:5-9.

[95]    *See* Plaintiffs' RJN, Ex. 2 at 3; *id.*, Ex. 10 at 2-3; *id.*, Ex. 17 at 2 & 4.

[96]    Barvir Declaration, Ex. 33 at 33.

[97]    Hearing Transcript 72:15-16.

circumstances justify an exercise of that discretion." *Id.* (citing *Nken*, 556 U.S. at 433–34).

A court deciding whether to grant a stay of an injunction pending appeal must weigh the following: (1) whether the movants have made a strong showing that they are likely to succeed on the merits; (2) whether the movants will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See id.* (citing *Nken*, 556 U.S. at 426). Additionally, "[t]he bar for obtaining a stay of a preliminary injunction is higher than the *Winter* standard for obtaining injunctive relief." *Id.* at 824 (citing *Winter*, 555 U.S. at 20). The Ninth Circuit directs that "the first two *Nken* factors are the most critical, and that the second two factors are only considered if the first two factors are satisfied." *Id.* Defendants "must show a *strong* likelihood of success on the merits." *Id.* (emphasis in original). "And 'simply showing some possibility of irreparable injury fails to satisfy the second factor.'" *Id.* (citing *Nken*, 556 U.S. at 434-35). Furthermore, "the demanding standard applicable here requires that the [defendants] show 'that irreparable injury is likely to occur during the period before the appeal is decided.'" *Id.* (citing *Doe #1 v. Trump*, 957 F.3d 1050, 1059 (9th Cir. 2020)).

Here, Defendants' oral motion to stay fails because Defendants satisfy none of the requirements established by the Ninth Circuit in *Index Newspapers*. As discussed above, Plaintiffs—not Defendants—have shown a likelihood of success on the merits of Plaintiffs' constitutional claims. Defendants also have not demonstrated irreparable injury. Although crimes committed with illegal firearms are unquestionably a serious concern, Defendants have not shown that there is an appreciably higher risk of illegal gun sales occurring at gun shows than there is at brick-and-mortar stores in California. Furthermore, given that Plaintiffs aver that the 32nd DAA will negotiate event dates only for the following calendar year,[98] it is unlikely that any gun sales will take place at the Orange County Fairgrounds before Defendants have appealed the preliminary injunction. Accordingly, Defendants' oral request to stay this Court's Order pending appeal is **DENIED**.

## V. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Plaintiffs' instant Motion for a preliminary injunction is **GRANTED**.

---

[98]      Amended Complaint ¶ 90.

2. Defendants, their employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the State of California, as well as their successors in office, are preliminarily **ENJOINED** and **RESTRAINED** from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of California Penal Code sections 27573 or 27575.

3. Upon request by Plaintiffs, Defendant 32nd DAA must make available the next available date for a gun show and must allow Plaintiff Crossroads to reserve dates for gun show events (and to hold such events) at the Orange County Fairgrounds as the 32nd DAA would any other event promoter who has previously held events at the Orange County Fairgrounds.

4. Defendants' request to stay this Order pending appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 30, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, an electronic PDF of

APPELLANTS' MOTION TO TAKE JUDICIAL NOTICE; DECLARATION OF

ANNA M. BARVIR IN SUPPORT was uploaded to the Court's CM/ECF system,

which will automatically generate and send by electronic mail a Notice of Docket

Activity to all registered attorneys participating in the case. Such notice constitutes

service on those registered attorneys.

Date: December 1, 2023                         s/ Anna M. Barvir
                                               Anna M. Barvir