SENIOR PARTNER
C. D. MICHEL*

MANAGING PARTNER
JOSHUA ROBERT DALE

PARTNERS
ANNA M. BARVIR
SEAN A. BRADY
MATTHEW D. CUBEIRO
W. LEE SMITH

* Also admitted in Texas and the District of Columbia

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

ASSOCIATES
TIFFANY D. CHEUVRONT
ALEXANDER A. FRANK
KONSTADINOS T. MOROS

OF COUNSEL
JASON A. DAVIS
JOSEPH DI MONDA
SCOTT M. FRANKLIN
MICHAEL W. PRICE
TAMARA M. RIDER

WRITER'S DIRECT CONTACT:
562-216-4444
ABarvir@michellawyers.com

March 1, 2024

**VIA E-FILING**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

  **Re:**  **Fed. R. App. P. 28(j) – Notice of Supplemental Authority**
     ***B&L Productions, Inc., et al., v. Gavin Newsom, et al.,***
     **Case No: 23-55431 (Appeal from Southern District of California)**
     **Oral Argument Date: March 6, 2024**

Dear Ms. Dwyer:

  Appellants submit this letter to inform the panel of this Court's recent order in *Junior Sports Magazines, Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), a case both parties cited in their commercial speech analyses. Appellees Br. 48; Reply Br. 18-19. On December 5, 2023, the *Junior Sports* panel ordered a response to California's petition for rehearing en banc. This Court denied the state's petition on February 20, 2024, after no judge requested a vote. The mandate was issued on February 28, 2024.

  The central holding of *Junior Sports* thus remains the most recent and authoritative interpretation of the law in this circuit on commercial speech. In short, commercial speech regulations—here, banning speech associated with contracts for the sale of lawful products while standing on state-owned land—are First Amendment compliant only if they "'materially' and 'directly' advance[] a substantial government interest and [are] no more extensive than necessary." *Jr. Sports*, 80 F.4th at 1113.

  California claims that AB 893 "serves the substantial interest of preventing and mitigating gun violence" and "is no more restrictive than necessary because it 'is a straightforward response' to the danger of illegal transactions occurring at the Fairgrounds." Appellees' Br. 54. But the record does not show that illegal transactions occur at the Fairgrounds or that gun shows on state-owned property contribute to gun violence. On the contrary, the record shows that "in California, where both gun shows themselves and gun commerce generally are regulated, sales

180 EAST OCEAN BOULEVARD • SUITE 200 • LONG BEACH • CALIFORNIA • 90802
TEL: 562-216-4444 • FAX: 562-216-4445 • WWW.MICHELLAWYERS.COM

*B&L Prods., Inc. v. Newsom*, Case No: 23-55431
March 1, 2024
Page 2 of 2

at gun shows are not a risk factor among licensed retailers for disproportionate sales of crime guns.'" 3-ER-544.

     Even if California has a "substantial interest" in stopping illegal sales at the Fairgrounds, AB 893 does not "directly" advance that interest in any "material" way. Instead, it banishes speech associated with *lawful* sales from public land—even though no transfer takes place there—hopeful that doing so will indirectly curtail gun possession generally and, by extension, mitigate *illegal* sales and gun violence. The First Amendment, however, "demands more than good intentions and wishful thinking to warrant the government's muzzling of speech." *Jr. Sports*, 80 F.4th at 1113.

                                  Sincerely,
                                  **Michel & Associates, P.C.**

                                  Anna M. Barvir

Encl.

Case: 22-56090, 02/20/2024, ID: 12864092, DktEntry: 52, Page 3 of 3

|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | FEB 20 2024 |
|  | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

JUNIOR SPORTS MAGAZINES INC.; et al.,

          Plaintiffs-Appellants,

 v.

ROB BONTA, in his official capacity as Attorney General of the State of California; DOES 1-10,

          Defendants-Appellees.

No. 22-56090

D.C. No. 2:22-cv-04663-CAS-JC
Los Angeles

ORDER

Before: LEE, SMITH, and VANDYKE Circuit Judges

    Judges Lee and VanDyke voted to deny the petition for rehearing en banc. Judge Smith recommended denying the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is DENIED.